## DUNLAP v. SAVINGS BANK.

ADMINISTRATION—COLLATERAL ATTACK—PRESUMPTIONS.—JURISDICTION of a judge of probate to grant letters of administration upon the estate in his county of a non-resident cannot be attached in another proceeding because the record does not show affirmatively that the greater part of decedent's estate was in such county, but where the record shows that the decedent had property in such county, it will be presumed that probate judge had sufficient evidence before him that the greater part of his estate was in such county.

Before J. E. McDONALD, special Judge, York, November, 1903.    Affirmed.

Action by Ira B. Dunlap, as administrator of A. A. McDonough, against Savings Bank of Rock Hill.    Defendant appeals from judgment for plaintiff.

*Mr. Wm. J. Cherry,* for appellant, cites: *Power of special limited jurisdiction must appear on face of proceedings:* 12 Ency. P. & P., 176; 60 S. C., 419; Coos. on Ex., 124; 33 Neb., 509. *Facts necessary to confer jurisdiction on probate court:* 58 S. C., 526; 31 Barb., 661; 62 Barb., 430; 12 Ency. P. & P., 213.

*Messrs. Walter M. Dunlap* and *Thos. F. McDow,* contra, cite: *What must appear on face of record:* 60 S. C., 402;

58 S. C., 527; 41 S. C., 18. *As to power of probate court:*
Code of Proc., sec. 39.

June 15, 1904. The opinion of the Court was delivered
by

MR. JUSTICE GARY. The appeal herein is from an order
overruling the objection interposed by the defendant, that
the court of probate was without jurisdiction in granting
letters of administration to the plaintiff, on the ground that
it did not appear upon the face of the records that the greater
part of the non-resident intestate's estate was in York
County, where the letters of administration were granted.
The petition for letters of administration recited that the
intestate, late of Lewis County and State of West Virginia,
departed this life intestate, leaving a personal estate situated
in the State of South Carolina amounting to about fifteen
hundred dollars, which will require administration for the
purpose of paying intestate's debts, &c. In the letters of
administration granted by the court of probate is the follow-
ing recital: "Whereas, A. A. McDonough, late of York
County, deceased, lately died intestate, having whilst
lived and at the time of his death, divers goods and chattels,
rights and credits within the State and county aforesaid,"
&c.

The order of the Circuit Court was as follows: "This is a
very interesting point, and I will state, in giving my decision,
that I have no doubt of the right of defendant to attack the
record of the probate court, provided it is an absolute nullity
on the ground the court had no jurisdiction. Those facts,
however, must appear affirmatively upon the record, and if
they do appear affirmatively upon the record, that the Court
had no jurisdiction, then it is an absolute nullity and may be
disregarded in any proceeding. So, it is simply a question
of whether or not the record shows affirmatively that the
probate court had jurisdiction. Our Supreme Court has
held in the case of *Browning* v. *deLorme,* that the court of
probate, though of limited jurisdiction, is a court of record,

with very large powers; and, as to proceedings clearly within its jurisdiction, must not be regarded as an inferior court with respect to the dignity of its records.

"Sec. 39 of the Civil Code provides as follows: 'The probate of the will and the granting of administration of the estate of any person deceased shall belong to the judge of probate for the county in which such person was last an inhabitant; but if such person was not an inhabitant of this State, the same shall belong to the judge of probate in any county in which the greater part of his or her estate may be.'

"Section 49 of the Code provides: 'The jurisdiction assumed by any probate court, in any case, so far as it depends on the place of residence or the location of the estate, shall not be contested in any suit or proceeding whatever except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the record.'

"In the case of *Hendricks* v. *Holman*, 58 S. C., the Court makes a distinction between letters that show affirmatively the want of jurisdiction and where it only negatively appears, and they hold in that case that the granting of the letters of administration by the probate court must be presumed regular in all respects when questioned in another proceeding, unless the defect appears affirmatively on the face of the record.

"I, therefore, hold in this case, before I could sustain the objection to the jurisdiction of the probate court, that it must appear affirmatively upon the record that the greater part of his estate, if he is a non-resident, was not situate in York County. The record does not so show this affirmatively, and I must, therefore, presume that the probate judge, when he granted letters of administration, had sufficient evidence before him to show that the greater part of the estate was in this county, and that in making the order that he had jurisdiction, and I will, therefore, overrule the motion to dismiss the complaint."

The conclusions of his Honor, the presiding Judge, are likewise sustained by the case of *In re Estate Mayo*, 60 S. C.,

401, 38 S. E., 634, and his reasons are satisfactory to this Court.

Judgment affirmed.