14408

DANIEL *ET AL.* v. PERRY *ET AL.*

(189 S. E., 353)

330

*Messrs. Perrin & Tinsley,* for appellants,

*Mr. Horace L. Bomar,* for respondents,

January 6, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Action by plaintiffs-respondents against defendants-appellants asking for specific performance of a contract of sale of certain real estate situate in the city and county of Spartanburg, this State. It involves the construction of the will of R. J. Daniel, deceased. Appellants desire to comply with the contract of sale and purchase if they can be given good title in fee simple.

The decree of Honorable T. S. Sease, Circuit Judge, which will be reported, is satisfactory to this Court.

However, for a better understanding of this decree, we set out in full the clauses of the will in question: "And to my son, P. S. Daniel, and my daughter Anabel Ruff, now of Atlanta, Ga., and their children and offspring, and if my son, Preston S. Daniel, should die, then his widow, M. Idella Daniel, shall have the proceeds or rents during her natural life or until she marries, and should she, Della, marry, then my daughter, Anabel and her children to have it, and not

to be sold but the insurance and taxes to be kept paid up from the rents. I also give to my son, Preston S. Daniel, the lot a part of my old homestead lot on South Church Street, next and south of Mrs. Crigler; the other houses on South Liberty Street, and they can sell if they like or wish to do so, and divide the money, giving Preston S. Daniel two-thirds of the money."

On the incidental question of who should pay the costs, and supplementary to the decree of Judge Sease, the following excerpt from the brief of respondents, is directly in point: "The rule in our State that costs in equity cases are within the discretion of the Court is settled beyond dispute. In *Webb v. Chisolm,* 24 S. C., 487, which was an action for specific performance to purchase a city lot, just like the case now on appeal, it was held that the Circuit Judge had discretion to direct each party to pay his own costs. In *Matheson v. Rogers,* 84 S. C., 458, 461, 65 S. E., 1054, 67 S. E., 476, 19 Ann. Cas., 1066, the Court said: 'Except in a clear case of abuse of discretion, or the violation of some rule of law, this Court will not interfere with a decree fixing liability as to costs in an equity cause. *Brown v. Brown,* 44 S. C., 378, 383, 22 S. E., 412; *Williams v. Jones,* 74 S. C., 258, 281, 54 S. E., 588; *Cauthen v. Cauthen* 81 S. C., 313, 315, 62 S. E., 319; *Anderson v. Silcox,* 82 S. C., 109, 117, 63 S. E., 128.' "

Exceptions overruled and judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.