15602

REED v. LEMACKS

IN RE: ESTATE OF LAURA B. LEMACKS
EX PARTE ALMA REED

(28 S. E. (2d), 441)

February, 1943.

*Mr. Edwin J. Black,* of Charleston, S. C., Counsel for Appellant,

*Messrs. Padgett & Moorer,* of Walterboro, S. C., Counsel for Respondent,

December 15, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

Laura B. Lemacks died in the State Hospital in Columbia on May 20, 1941. Her brother-in-law, J. C. Lemacks, filed in the Probate Court of Colleton County and procured on May 28, 1941, the probate of her purported will dated September 28, 1928, of which he was sole beneficiary and was also executor. It recited that the testatrix was a resident of Walterboro, Colleton County, "but now in Columbia, South Carolina," and was witnessed by the superintendent and two other members of the medical staff of the hospital who appended their certificate, in addition to the

usual attestation, to the effect that they had thoroughly examined the mental condition of the testatrix just prior to the execution of the will and that in their opinion she was mentally capable of making it, that it was read by her and explained by them, that she understood it, etc. Mr. Lemacks qualified as executor by taking the usual oath and letters testamentary were issued him.

On March 13, 1942, appellant's attorney inquired by letter of the Probate Judge of Colleton whether the will of Mrs. Lemacks (who was his client's aunt) had been probated and he was promptly and correctly so informed by reply addressed to him in Charleston. Appellant then appeared in the Probate Court for Colleton by her petition, verified April 9, 1942, in which she alleged that before committal of the testatrix as an insane person to the State Hospital she had been confined as such in the Roper Hospital whence she went from petitioner's home; that the deceased had moved earlier in the same year, 1925, from her former home at Walterboro in Colleton County to live with petitioner with the intention of permanently residing in the City of Charleston, and was committed as a resident of Charleston, which she was when last a sane and competent person, which fact required the probate of her will in that county; that the purported will dated September 28, 1928, was executed when she was confined as an insane person and the probate of it was obtained upon the allegation that she was at the time of her death an inhabitant of Colleton; that respondent, the sole beneficiary of the purported will which had been admitted to probate, would take the entire estate to the exclusion of the blood relations of the decedent, of which latter appellant is.

It was further alleged in the petition that on November 9, 1922, when testatrix was sane, she executed her will whereunder petitioner (appellant) was the sole beneficiary and respondent was executor and the latter furnished appellant with a copy of that will, he having the original for safe-

keeping; and that the first will, just mentioned, has not been legally revoked; but respondent, despite demand, has refused to deliver the original or procure its probate, though admitting possession of it; that petitioner (appellant) is an heir-at law and distributee of the deceased and is thereby interested, and under the alleged true will, that executed in 1922, is the sole beneficiary; that the legal requirement of jurisdiction of a Probate Court of the estates of deceased inhabitants of only the county of such Court deprives the Colleton Probate Court of jurisdiction, which exists in this case only in the Probate Court of Charleston County under the facts alleged and particularly under the order of the Charleston Court committing the testatrix to the State Hospital in 1925, from which order there has been no appeal and which was in effect at the time of the death of the testatrix in 1941, so that the Colleton Court is entirely without jurisdiction of the will and estate.

The prayer accompanying the petition was for a rule against respondent individually and as executor to show cause why the prior order of the Court, dated May 28, 1941, admitting the will to probate in common form should not be revoked for the reason that jurisdiction thereof existed only in the Probate Court for Charleston County where testatrix was last an inhabitant, and that testimony be taken by the Court to establish the issue of residence and domicile; and why the certificate of the attesting witnesses as to the alleged mental capacity of the testatrix should not be cancelled and the filing of it refused; and finally "for such other and further relief as to the Court may seem just and proper."

The Judge of Probate thereupon issued his rule dated April 15, 1942, to respondent individually and as executor requiring him to show cause why the order admitting the will to probate in common form should not be revoked, etc., for the reason that jurisdiction thereof lies in Charleston County because of the committal of testatrix to the State Hospital by the Probate Judge of the latter county, with his

accompanying findings; why there should not be such revocation because the residence and domicile of testatrix was in Charleston County when she was last sane, and under the committal order testatrix continued as a patient in the State Hospital until death, in such mental condition; and third, why the certificate of sanity by the attesting witnesses, attached to the will, should not be withdrawn from the record and filing of it refused.

In addition to making return, respondent moved for discharge of the rule upon the grounds that there had been no appeal from the order admitting the will to probate and qualifying respondent as executor and the record thereupon showed no jurisdictional defect and appellant was a stranger thereto.

The Probate Judge heard only the motion which he sustained upon the grounds that there had been no appeal from his former order and want of jurisdiction of the Court did not appear upon the face of the proceeding. He overruled respondent's third ground, that appellant was a stranger to the proceeding, saying that the record before him affirmatively showed her interest in the estate "would entitle her to contest the validity of the will * * * and any relevant matter growing out of its admission to probate." He expressly refused to receive any evidence.

Thereupon appellant appealed to the Court of Common Pleas, in form both from the order of May 28, 1941, admitting the will to probate and qualifying the designated executor and from the later order, dated May 18, 1942, refusing hearing upon the merits of the rule to show cause, the first appeal being based principally, at least, upon the attempted showing of the adjudication in 1925 of the testatrix as an insane person by the Charleston Probate Court and it was alleged that thereafter that Court had exclusive jurisdiction of the person of the deceased and of the probate of her will, she being last a resident of Charleston County. The appeal from the order discharging the rule to

show cause was upon eight exceptions which attempted to raise many issues, including a sufficient one under our view, in effect that the Probate Court erroneously refused to receive and pass upon evidence affecting its jurisdiction of the matter of the probate of the will and the qualification of the executor.

The Circuit Court heard the appeals and by order dated February 4, 1943, dismissed them, holding first that the attempted appeal from the order admitting the will to probate came too late, referring to the correspondence between appellant's attorney and the Probate Judge in March, 1942, and that the rule was not obtained from him until April 15th on petition verified April 9th. The Court held that the probate of a will in common form is an *ex parte* proceeding (1942 Code, Sec. 8932) and notice thereof to no one is required, and 68 C. J., 925 *et seq.* was relied upon; also cited was the case of *Wilkinson v. Wilkinson,* 178 S. C., 194, 182 S. E., 640. Respecting appellant's appeal from the order of the Probate Court discharging its rule against the executor, the respondent, the trial Judge held that appellant had pitched her appeal upon the ground that residence of the testatrix was fixed in Charleston County by her committal therefrom to the State Hospital in 1925, after which she continued as a patient until death, and that the Probate Court had refused to receive a transcript of that proceeding or any other evidence, so it was not before him.

Appeal was then prosecuted to this Court upon needlessly numerous exceptions which will not be discussed *seriatim*. There is also an appeal from the order settling the transcript of record. Counsel were unable to agree upon the contents, the contention being about the printing in full of the proceedings before the Probate Court of Charleston County in 1925 and the order of the Probate Court of Colleton County dismissing its rule to show cause, appellant insisting that printing could be properly saved by omitting portions of these proceedings; but upon consideration we are of opinion

that the controversy was correctly decided by the Circuit Court and that this part of the appeal should be dismissed, and it is.

Reverting to the main appeal, we copy for convenience the 1942 Code sections chiefly concerned:

"§ 220. When any probate court shall have first taken cognizance of the settlement of the estate of a deceased person, such court shall have jurisdiction of the disposition and settlement of all the personal estate of such deceased person to the exclusion of all other probate courts.

"§ 221. The jurisdiction assumed by any probate court in any case, so far as it depends on the place of residence or the location of the estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the record."

"§ 228. The circuit court shall have appellate jurisdiction of all matters originally within the jurisdiction of the probate court."

"§ 230. Any person interested in any final order, sentence, or decree of any probate court, and considering himself injured thereby, may appeal therefrom to the circuit court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the probate court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

Appellant was not a party to the proceeding wherein the purported will was admitted to probate in Colleton County. As properly held by the lower Court, the probate of a will is an *ex parte* proceeding. The time of notice thereof to appellant in this case does not appear in the record. Indeed, it does not appear that she ever received notice from respondent. Under these circumstances and on the limited record before us, we think that the Probate Court

should have received evidence of her attack upon the jurisdiction of the Court to probate the will and qualify the executor. Hearing should have been had, all proper evidence offered, *pro* and *con,* should have been received and the contest fully and fairly heard and determined. It is abhorrent to the first principles of justice that the beneficiary of a will be not heard in opposition to the probate of a later, contrary one, unless the passage of time has destroyed the right or deprived the contestant of the privilege of asserting it. Here no statute is pointed out requiring earlier action on the part of appellant and no showing so far that her delay has so changed conditions that hearing her now would be unjust to anyone.

Court and counsel alike appear to have been confused by the requirement of Section 230 that copy of the grounds of appeal of any person interested in any final order of a Probate Court shall be served on the adverse party "within fifteen days after notice of the decision appealed from." *Supra.* And, although the exact time of appellant's first knowledge of the order admitting the will to probate does not appear of record, it seems to have been assumed that her petition was not filed within fifteen days after notice to her, this because of the inquiry by letter on the part of the counsel who afterward appeared as her attorney.

The fundamental error in the foregoing is that the requirement of service of a copy of the grounds of appeal upon the adverse party referred to in Section 230 applies only to parties. The lower Court properly held, as has been said, that proceedings upon the probate of a will are *ex parte* and nowhere in the record does it appear, as also has been said, that appellant was given any notice of the proceedings by respondent whose interests sharply conflicted with appellant's; he was the sole beneficiary under the will which he probated, whereas it is alleged that appellant was entitled to the whole estate under the terms of a prior will which was in the actual possession of respondent.

It was long since settled in this Court that the fifteen-day requirement of service of grounds of appeal after notice of an order of the Probate Court applies only to parties to the proceedings which resulted in the order and not *ex parte* proceedings. The question was squarely presented in the case of *Witte Bros. v. Clarke,* 17 S. C., 313, opinion by Justice McIver. The pertinent Code section was then No. 57, the present No. 230. There it was attempted to intervene in the proceeding and appeal in August from an order of a Court of probate rendered during the preceding April. It was held that the applicants were not prejudiced by failing to appeal either from the original order or the Probate Court's subsequent refusal to admit them as parties, for not being parties they could not appeal, and it was clearly said that the language of the statute refers only to parties to the proceeding and that nothing is better established than the doctrine that judgments bind only parties and their privies.

The problem was again presented in the subsequent case of *In re. Estate of Mayo,* 60 S. C., 401, 38. S. E., 634, 54 L. R. A., 660, in which, interestingly enough, the distinguished writer of the former decision dissented from the majority of the Court, but there was no real division upon the question now at issue. In the main opinion it was held that one not a party to a probate proceeding whereby an administrator was appointed was not compelled to appeal from the order of appointment or be bound thereby by failure to appeal. In his dissent then Chief Justice McIver said that Section 57 (now Sec. 230) does not prevent later inquiry concerning the jurisdiction of the Court and that it refers only to parties to the proceeding, and likewise as to Section 49 (now Sec. 221).

It is true that in the majority opinion in the latter, the *Mayo case,* it was rather loosely said that the record of a Probate Court appointing an administrator was subject to jurisdictional attack only upon the facts appearing on the

record; but the contrary course was actually followed in the case and the attacking petition of an alleged debtor to the administrator (not a party to the original proceeding), which was filed after time for appeal had expired, was heard and determined on the merits in the Probate, Circuit and Supreme Courts.

A governing consideration in this controversy (apparently overlooked in the Courts below when they leaned so heavily upon the proposition that the record in the Court of Probate was regular on its face, that is, that it appeared that the Court had jurisdiction to probate the purported will and qualify the executor) is that appellant's procedure was not a collateral attack upon the judgment of the Probate Court but a direct one in the proceeding which resulted in the judgment, and therefore proper for a latent defect such as that alleged. *Turner v. Malone,* 24 S. C., 398, and cases following it which are found in 20 S. E. Digest, Judgment, Keys 336-523.

We are constrained to hold that appellant's petition in the Court of Probate for Colleton County requires an investigation by the Court of the pertinent facts alleged, and that the Court should fully hear the parties, receiving all competent, proffered evidence, and determine the issues with the interested parties before it, and any of the latter considering himself aggrieved will then be subject to the requirement of Section 230 with respect to the time and manner of appeal to the Court of Common Pleas.

The judgment of the Circuit Court is reversed and the case remanded to the Probate Court of Colleton County for further proceedings consistent herewith.

Reversed.

MR. ASSOCIATE JUSTICE BAKER, and CIRCUIT JUDGES WM. H. GRIMBALL and L. D. LIDE, ACTING ASSOCIATE JUSTICES, concur.

MR. ASSOCIATE JUSTICE FISHBURNE did not participate.