### 16007

SOUTH CAROLINA NAT. BANK OF CHARLESTON v. MAY
(44 S. E. (2d) 836)

*Messrs. Hagood, Rivers & Young,* of Charleston, for Appellant.

*Messrs. Mitchell & Horlbeck,* of Charleston, for Respondent,

November 8, 1947.

OXNER, J.: This is an appeal from a decree compelling specific performance of a contract for the purchase of a lot of land in the town of Summerville, Dorchester County. The vendee, Annie Hill May, asserted in her answer that she was ready and willing to comply with her contract if she could obtain a clear and marketable title to the premises, but alleged that any title given by the vendor, the South Carolina National Bank of Charleston, as trustee under the will of Lancelot Minor Harris, would be "defective and questionable" because said will was proved in the Probate Court of Charleston County when the testator was at the time of his death a resident of Dorchester County. It is claimed that for this reason the Probate Court of Charleston County had no jurisdiction to admit the will to probate and all proceedings taken in the court are null and void.

The facts disclosed by the pleadings and agreed upon by counsel are as follows: Lancelot Minor Harris died on March 24, 1941, leaving of full force and effect a will dated July 19, 1940, wherein, after several preliminary bequests, he devised the residue of his estate, including the property involved in this controversy, to the South Carolina National Bank in trust to invest and manage the same and to pay the income therefrom to his wife during her life. Upon her death, the bank was directed to sell the whole of said residuary estate at public or private sale and from the proceeds of sale to pay the sum of $5,000.00 to Mrs. Annie Hill May, who is the purchaser under the contract now sought to be enforced, the sum of $1,000.00 to Myrtle Waugh, the sum of $1,000.00 to Cassandra Kemble Barnes, and to pay the balance of the proceeds from the sale of said residuary estate to the Trustees of the College of Charleston. The bank was also appointed as executor. The executor duly qualified in the Probate Court of Charleston County on April 4, 1941.

It paid the taxes and debts of the estate, the legacies to Myrtle Waugh and Cassandra Kemble Barnes and after fully administering upon said estate, was discharged as executor on May 31, 1944. The widow of the testator has since died. The Bank is now acting as trustee under the will, and in this capacity during the year 1946 entered into the contract of sale which it now seeks to enforce.

The Trustees of the College of Charleston, who are residuary legatees under the will, filed an answer asking that the probate of the will in Charleston County be confirmed. The Court below held that even though the testator was at the time of his death a resident of Dorchester County, the jurisdiction of the Probate Court of Charleston County could not be impeached collaterally in this action because the want of such jurisdiction did not appear affirmatively upon the face of the record, and concluded that the Bank, as trustee, could convey a clear and marketable title to the property.

It will be observed that the estate has been fully administered and the executor discharged. All creditors have been paid. It is conceded that the will is valid and that the estate has been settled strictly in conformity with its provisions. All the beneficiaries under the terms of the will are satisfied with the administration of the estate and make no attack upon the jurisdiction of the court in which it was administered. In her capacity as beneficiary under the will, appellant is satisfied with the manner in which the Bank has performed its duties both as executor and as trustee under the will. Her only reason for now questioning the probate proceedings is a desire to assure herself of a fee simple title to the property which she has contracted to purchase.

Section 210 of the 1942 Code provides that "the probate of the will and the granting of administration of the estate of any person deceased shall belong to the judge of probate for the county in which such person was last an inhabitant." Section 221 is as follows: "The jurisdiction assumed by any probate court in any case, so far as it depends on the place

of residence or the location of the estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case, or when the want of jurisdiction appears on the record."

It has been held that the jurisdiction of the probate court cannot be collaterally attacked on the ground that the deceased was not a resident of the county in which the estate was administered unless the facts showing want of jurisdiction affirmatively appear upon the record, and that it will be presumed that such court made the necessary inquiry and that the facts before it were sufficient to warrant the court in determining that it had jurisdiction. *Dunlap v. Savings Bank,* 69 S. C. 270, 48 S. E. 49, 104 Am. St. Rep. 796. In *Norwood v. Atlantic Coast Line Railway Co. et al.,* 203 S. C. 456, 27 S. E. (2d) 803, 809, the Court said: "No collateral attack may be made upon the granting of administration in the Probate Court, unless a lack of jurisdiction affirmatively appears on the face of the record, as distinguished from the record being merely silent." It is generally held that every court where the subject matter is within its jurisdiction is presumed to have done all that is necessary to give force and effect to its proceedings, unless there be something on the face of the proceedings to show to the contrary. Where the jurisdictional defect does not affirmatively appear on the face of the record, the proceedings in the probate court are not void, but merely voidable, and cannot be collaterally attacked or questioned except in a direct proceeding brought for that purpose. *Petigru v. Ferguson,* 6 Rich. Eq. 378; *Turner v. Malone,* 24 S. C., 398.

The inquiry, therefore, is whether the record attacked affirmatively shows that the testator was not a resident of Charleston County at the time of his death. The only references to the testator's place of residence found in the record of this estate are as follows: (1) The will contains the following recital: "I, Lancelot Minor Harris, formerly of Charleston, S. C., now residing in Summer-

ville, S. C., * * *" (2) The following allegation is made in the petition to prove the will in common form, dated April 4, 1941: "That Lancelot Minor Harris, of Charleston, who last dwelt in Summerville in the County and State aforesaid, died testate on the 24th day of March * * *." (3) The warrant of appraisement signed by the Probate Judge on April 4, 1941, refers to "Lancelot Minor Harris, late of Charleston County, Deceased * * *." (4) Letters dismissory, issued by the Probate Judge on May 31, 1944, refers to "Lancelot M. Harris, deceased, late of Charleston in this State."

While the recital in the will indicates that the testator was a resident of Summerville, Dorchester County, when the will was executed on July 19, 1940, it does not necessarily follow that he continued to reside there until his death eight months later. During this interval he could have changed his place of residence to Charleston County. This recital is certainly not sufficient to affirmatively show that the testator was not a resident of Charleston County at the time of his death. The allegation in the petition to prove the will in common form is not clear on the question of the testator's residence. It will be noted, however, that in the warrant of appraisement, which was signed on the same day this petition was filed, the Probate Judge refers to the testator as "late of Charleston County", which would rather indicate that the Court concluded from the showing before it that the testator was at the time of his death a resident of Charleston County. A like finding on the part of the Probate Judge may be fairly implied from a similar reference contained in the letters dismissory issued by him on May 31, 1944. From a consideration of the entire record, we think the most that can be said in favor of appellant's contention is that the record is ambiguous as to the county in which the testator resided at the time of his death. We agree with the Court below that a want of jurisdiction does not affirmatively appear on the face of the record.

If any interested party had seasonably made application to the Probate Court of Charleston to have the order admitting the will to probate set aside or the appointment of the executor revoked upon the ground that the testator was a resident of Dorchester County, such party would have been entitled to a hearing on the latent jurisdictional question. Such a proceeding would have constituted a direct attack upon the jurisdiction of the Court. This was the procedure followed in the recent case of *Reed v. Lemacks*, 204 S. C. 26, 28 S. E. (2d) 441. But no one has questioned the jurisdiction of the Probate Court of Charleston County in a direct proceeding. The estate has now been completely administered and the executor discharged. All parties interested in the estate are completely satisfied with the administration and make no complaint. It is now sought by one whose only interest is that of purchaser from the trustee under the will to set aside by collateral attack all that has been done and to have the estate readministered in another county. Such an administration would necessarily be in precisely the same way that the estate has already been administered and settled. For the reasons stated, this will not be permitted. We think the trustee is in a position to convey good title to appellant.

The only other question raised by the exceptions is appellant's contention that the Court below erred in directing that she pay the costs. It is well settled under our decisions that the liability for the costs in an equity case rests in the discretion of the chancellor and his discretion in such matters will not be disturbed by this Court except in a clear case of abuse of discretion or the violation of some rule of law. This rule has been applied in actions for specific performance. *Webb v. Chisolm*, 24 S. C. 487; *Daniel et al. v. Perry et al.*, 182 S. C. 326, 189 S. E. 353. Under all the circumstances we cannot say that there has been an abuse of discretion in the instant case. We might add that this is a matter of little consequence since the case was heard on an agreed statement of facts and the costs

would necessarily be small. The major items are the costs and disbursements in this Court which we assume will be taxed in accordance with the principles announced in *Cauthen et al. v. Cauthen et al.*, 81 S. C. 313, 62 S. E. 319, and *Ex parte Miller et al. v. State Board of Bank Control*, 192 S. C. 164, 5 S. E. (2d) 865.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and TAYLOR, JJ., concur.