**SISK v. PRESSLEY et al.**
Civ. A. 1993.

United States District Court
E. D South Carolina, Columbia Division.
Dec. 10, 1948.

C. T. Graydon and John Grimball, both of Columbia, S. C., and R. Milo Smith, of Lexington, S. C., for plaintiff.

George Bell Timmerman, Jr., of Lexington, S. C., and William Elliott, of Columbia, S. C., for defendant James C. Pressley.

WYCHE, Chief Judge.

The plaintiff, as the Administrator of the Estate of Mary Lou Roland, brings this action to recover damages for the wrongful death of his intestate, for the benefit of her parents under provisions of Sections 411, 412, Code of Laws of South Carolina, 1942. The action was brought originally in the Court of Common Pleas for Lexington County, South Carolina, and within due time, by appropriate proceedings, removed to this court on the grounds of separable controversy and diversity of citi-

zenship. The matter comes before me upon motion of the plaintiff to remand.

The plaintiff is a resident and citizen of Bessemer City, North Carolina, and was on the 17th day of June, 1948, duly appointed administrator of the estate of Mary Lou Roland, deceased, by the Probate Judge of Lexington County, South Carolina. The defendants James C. Pressley and Ira Lee Henson are both residents and citizens of Canton, North Carolina.

It is conceded that the plaintiff is a citizen of the State of North Carolina, and that the defendants are residents of the State of North Carolina, but the removing defendant contends that the plaintiff is merely a nominal party to the record, and that the father and mother of the deceased are the real parties in interest in this action, and that the plaintiff is a mere instrument through whom the rights of the real plaintiffs are asserted.

At common law there was no right of action for an injury causing death. Therefore, Sections 411, 412, supra, granted a new right of action where none existed before. The statute provides that such an action shall be for the benefit of the wife or husband and children of the deceased, or, if there be none such, then for the benefit of the parents of the deceased, or, if there be none such, then for the benefit of the other persons therein mentioned, and that it shall be brought by and in the name of the executor or administrator of the deceased. In every such action the jury may give such damages, including exemplary damages, as they may think proportioned to the injury resulting from the death of the decedent to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered shall be divided among the mentioned parties in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate.

This action is required to be brought by the administrator. It can be enforced only by him. In re Estate Mayo, 60 S.C. 401, 38 S.E. 634, 54 L.R.A. 660. The administrator in this case is charged with the responsibility of the conduct, or settlement, of this suit, and the distribution of its proceeds to the persons entitled thereto under the statute. If he succeeds in this action and collects the money from the defendants and fails to pay the same to the parties entitled thereto, he is liable on his official bond therefor. Boyd v. Richie, 159 S.C. 55, 155 S.E. 844. He has the exclusive right to employ counsel to represent him in such action. He is in no sense a public officer. The bond given by the administrator covers properly the performance of any duty imposed upon him by statute at the time of his qualification as administrator. For the foregoing reasons, his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction. Mecom v. Fitzsimmons Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904.

The petition for removal also challenges the appointment of the plaintiff as administrator and his right to act, and alleges that he has no interest in the controversy, was not entitled to be appointed as administrator, and that the appointment was made for the sole purpose of attempting to defeat federal jurisdiction, and for the purpose of improperly and fraudulently preventing, or attempting to prevent, the petitioner from removing the case to the Federal Court, and that such appointment could only be and is a sham to prevent the removing defendant from removing this case to the United States District Court for the Eastern District of South Carolina.

The Supreme Court of South Carolina has decided that a non-resident of this State may be appointed and can act as administrator of the estate of a deceased person who at the time of his or her death was a resident of this State. Stubbs v. Ratliff, et al., 202 S.C. 67, 24 S.E.2d 127.

The removing defendant in this action is merely a contingent debtor and has no right in any event to question the proceedings in the Probate Court. His only interest is to see that the administrator is properly qualified and has the authority to satisfy a judgment or give a release, in the event the plaintiff should recover in this action, or settlment is agreed upon. There

is nothing to show that the appointment is improper, irregular or illegal. The removing defendant can only question the proceedings in the Probate Court upon jurisdictional grounds appearing upon the face thereof. His appointment was regular and in accordance with the statutes of South Carolina. The decree of the Probate Court appointing him may not be collaterally attacked in this proceeding.

■ The removing defendant's contention is fully answered by paraphrasing the words of the Supreme Court in the Mecom Case, supra, as follows: The case comes to no more than this: There being, under South Carolina law, a right to have a nonresident appointed administrator, the parties in interest lawfully applied to a Probate Court in South Carolina, and plaintiff was appointed administrator, with the result that the cause of action for the wrongful death of the decedent vested in him. His citizenship being the same as the defendants, there is no right of removal to the federal court; and it is immaterial that the motive for obtaining his appointment and qualification was that he might thus be clothed with a right to institute an action which could not be so removed on the ground of diversity of citizenship.

There is no ground for removal because of diversity of citizenship or separable controversy in this case, and therefore, the plaintiff's motion to remand should be granted, and

It Is So Ordered.