**Loyd E. WESTBROOK, as Administrator of the Estate of Odell Howell, deceased, Plaintiff,**

v.

**UNITED STATES PLYWOOD CORPORATION, Georgia-Pacific Corporation, and Paul C. Gibson, Defendants.**

Civ. A. No. 2631.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Oct. 29, 1959.

Claude R. Dunbar, Spartanburg, S. C., for plaintiff.

T. Sam Means, Jr., T. B. Butler, L. Paul Barnes, Spartanburg, S. C., W. Francis Marion, Robt. S. Galloway, Jr., Greenville, S. C., for defendants.

WYCHE, Chief Judge.

The above case is before me upon motion of the defendants to dismiss the complaint in this action for lack of jurisdiction, on the ground that there is no diversity of citizenship.

Section 15–461, Code of Laws of South Carolina, 1952, provides as follows: "It shall not be lawful for any judge of probate in this State to grant a final discharge to any executor, administrator, trustee, guardian or committee unless such executor, administrator, trustee, guardian or committee shall have finally accounted for the estate in his hands and given notice in a newspaper of the county or, if there be no newspaper published in the county, in some newspaper having the greatest circulation therein for the space of at least one month that on a day certain application will be made to the judge of probate for a final discharge. No such discharge shall affect any distributee, legatee, cestui que trust, ward or lunatic who has not been made a party to such application, either by personal service of the notice or by publication in the mode provided for absent defendants."

The South Carolina Supreme Court has decided that no discharge of an administrator shall be lawfully given by a Probate Judge until the advertisement required by the foregoing statute has been published, and that where the jurisdictional defect or irregularity affirmatively appears on the face of the judgment purporting to give the discharge, the discharge is invalid and can be collaterally attacked. Roberts v. Johns, 16 S.C. 171; Chamberlain v. First Nat. Bank of Greenville, 202 S.C. 115, 24 S.E. 2d 158.

It appears from the records of the Probate Judge of Spartanburg County that Odell Howell died on December 22, 1958, and that, after the advertisement required by the State statute, letters of administration were issued to Christine Rebecca S. Howell, a resident of South Carolina, appointing her administratrix of the estate of her deceased husband. On August 21, 1959, Loyd E. Westbrook, a citizen and resident of North Carolina, petitioned the Probate Court for Spartanburg County, for letters of administration appointing him as administrator of the estate of Odell Howell. On September 4, 1959, Christine Rebecca S. Howell sought to resign as administratrix of the Estate of Odell Howell and asked for a final and complete discharge. However, there was no publication of a notice in a Spartanburg County newspaper that she would seek a discharge, as administratrix, as required by the South Carolina statute. On September 4, 1959, the Probate Judge signed an order discharging Christine Rebecca S. Howell, as administratrix of the estate of her

deceased husband and appointed Loyd E. Westbrook, as administrator of the said estate. On September 28, 1959, Christine Rebecca S. Howell petitioned the Probate Court of Spartanburg County, for settlement of the estate of her deceased husband, and gave notice required by the statute that her discharge as administratrix would be sought on November 3, 1959.

On September 5, 1959, Loyd E. Westbrook, a resident and citizen of the State of North Carolina, as Administrator of the Estate of Odell Howell, commenced this action in the United States District Court for the Western District of South Carolina, against the defendants, one a resident of South Carolina, and the other two non-residents of South Carolina.

When this action was brought, it is my opinion, under the foregoing facts, that Christine Rebecca S. Howell was still the administratrix of the estate of Odell Howell. An administrator once appointed cannot resign and can only be discharged after a compliance with the State statute.

Since there was no vacancy in the office of administrator of the estate of Odell Howell when Loyd E. Westbrook was appointed, his appointment, in my opinion, is invalid and therefore a nullity.

The Wrongful Death statute of South Carolina (Section 10–1951, Code of Laws of South Carolina, 1952) provides that such an action as the one attempted in this case, shall be brought only in the name of the administrator of the estate of the deceased, and, in my opinion that means the legally appointed administrator of the estate of the deceased person.

Since Loyd E. Westbrook is not the legally appointed administrator of the estate of Odell Howell, it is my opinion that he has no authority to bring this action as administrator of such estate. The legal administrator of the estate is a resident of South Carolina, and even if she could be substituted as the real party in interest, then there would be no diversity of citizenship, and I would be compelled to dismiss the action for lack of jurisdiction.

For the foregoing reasons, the motions of the defendants to dismiss are granted, and

It is so ordered.