Mrs. Gisela B. KILEY, Administratrix of the Estate of John S. Woolridge, Plaintiff,

v.

Mrs. Kate LUBELSKY d/b/a Mama Kate's Drive-In and Orkin Exterminating Company, Inc., and Norman Lubelsky, Manager of Mama Kate's Drive-In, Defendants.

Civ. A. No. 69–985.

United States District Court, D. South Carolina, Charleston Division.

Aug. 20, 1970.

Burnet R. Maybank, Charleston, S.C., for plaintiff.

Charles S. Bernstein, Elliott T. Halio, David S. Goldberg, Charleston, S.C., for Mrs. Kate Lubelsky, d/b/a Mama Kate's Drive-In and Norman Lubelsky, Manager of Mama Kate's Drive-In.

Joseph R. Young, of Young, Clement & Rivers, Charleston, S.C., for Orkin Exterminating Co., Inc.

## ORDER

HEMPHILL, District Judge.

This is a wrongful death case in which plaintiff, claiming to be administratrix of the estate of a deceased child, brought suit for the child's wrongful death. The amended complaint, filed February 2, 1970, specifically states that plaintiff "brings this action under the provisions of Section 10–1951 [1] et seq. for the benefit of the parents of the said deceased * * *." Not pertinent to a decision at this time, but of interest, are allegations that on February 8, 1964, the deceased was playing on premises adjacent to Mama Kate's Drive-In, that Orkin had come on that premises hunting rats and insects, that one or all defendants had left a can of poison which attracted the minor who drank and died. Damages of $415,100.00 were asked for.

On February 16, 1970, counsel for the individual defendants moved for summary judgment on the grounds:

(1) The Defendants, Mrs. Kate Lubelsky, d/b/a Mama Kate's Drive-In and Norman Lubelsky, Manager of Mama Kate's Drive-In, move to dismiss the Complaint by the Plaintiff pursuant to Rule 12(b), Federal Rules of Civil Procedure because of its failure to state a claim upon which relief can be granted for the following reasons:

The Complaint shows on its face that the Administratrix fails to allege an Administration in the State of South Carolina and, that as an Administratrix of the State

---

1. Section 10–1951 S.C.Code 1962 Anno. reads:

*Civil action for wrongful act· causing death.*—Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative.

of Virginia she has no capacity to bring an action within this jurisdiction. Further, the Complaint on its face shows or implies that the Plaintiff is a foreign Administratrix and there is no law or statute extending to an Administratrix appointed by a foreign state the right to maintain an action of this character in South Carolina and because of this, she has no standing to maintain the same in this Court.

(2) The Defendants, Mrs. Kate Lubelsky d/b/a Mama Kate's Drive-In and Norman Lubelsky, Manager of Mama Kate's Drive-In, in the alternative and pursuant to Rule 56, Federal Rules of Civil Procedure, move for Summary Judgment on the basis of the attached Affidavits showing that no Administration for the Estate of John S. Woolridge or ancillary Administration for the said John S. Woolridge, was ever made or appointed within the State of South Carolina and/or County of Charleston.

On August 14, 1970, defendant Orkin moved for summary judgment on the grounds:

[T]hat the Complaint fails to show on its face that an Administratrix was appointed in the State of South Carolina and shows that the Administratrix was appointed in the State of Virginia and as shown by the Affidavit of The Honorable Gus H. Pearlman, Probate Judge for the County of Charleston, State of South Carolina, that no Administratrix has been appointed in this County and that the Plaintiff is a foreign Administratrix and is not entitled to maintain the action in South Carolina until such time as an Administrator is appointed and the suit is therefore a nullity.

Section 10–1952, S.C.Code 1962 Anno. supplements, complements and is indelibly tied to Section 10–1951, and provides:

*Beneficiaries of action for wrongful death.*—Every such action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused, and, if there be no such wife, husband, child or children, then for the benefit of the parent or parents, and if there be none such, then for the benefit of the heirs at law or the distributees of the person whose death shall have been so caused. *Every such action shall be brought by or in the name of the executor or administrator of such person.* [Emphasis added]

An action for wrongful death was not permissible under the common law, and is purely a creature of statute, in South Carolina enacted by the two houses of the state legislature and approved by the Governor. The path to the public forum called the court is controlled by the statute and one who would travel the path must strictly follow the statute. There is no other avenue of entry in South Carolina. The right of action is enforcible only by the administrator or executor of the estate of the deceased. In re Mayo's Estate (1901) 60 S.C. 401, 38 S.E. 634. Sisk v. Pressley et al., 81 F.Supp. 16, 17 (W.D.S.C.1948). And the defendant, as a contingent debtor has no right to question proceedings in the Probate Court; his only interest is to see that the administrator is properly qualified and has the proper authority. Sisk v. Pressley, supra.

Granting that defendants have no standing to question the method of administration of the estate, they have a right to protect, to the fullest extent of the law, their denial of alleged liability. Mason v. Helms et al., 97 F.Supp. 312 (E.D.S.C.1951). Here defendants attack the alleged administrator, not for the purpose of questioning any activity or order of a court of probate or ordinary, but to test whether the claimed administrator is, in fact, a duly appointed fiduciary. Only the legally appointed administrator (or executor) can bring action under the wrongful death statute (10–1951). Westbrook v. United States

Plywood Corporation, 177 F.Supp. 801 (W.D.S.C.1959). If a probate court had acted, defendants could not question the validity of the proceedings except as to a jurisdictional defect appearing on the face thereof. Southern Railway Co. v. Moore, 158 S.C. 446, 155 S.E. 740 (1930). It is contemplated that the administrator, properly appointed, will enforce any action which will discharge or carry out his trust responsibility, and if he fails, or tries to defeat the trust, the beneficiary can enforce his own cause of action acting as temporary representative of the trust. Bailes v. Southern Ry. Co., 227 S.C. 176, 87 S.E.2d 481 (1955).

■ In the hearing before this court, distinguished counsel for plaintiff admitted, with commendable candor, that Mrs. Kiley has received no appointment, by a proper authority, as administratrix of the estate of John S. Woolridge. It appears that she signed a petition for appointment but her counsel of that date, February 1965, never processed the appointment through the Probate Court for Charleston County. The attorney who then represented her never pursued the matter, and present counsel was later employed, was informed by his client that she had been appointed (which she evidently sincerely believed). Thus the dilemma. Under these circumstances the court reluctantly finds that defendants' motions are appropriate, timely made and must be granted. Regrettably, this will cause denial of the beneficiaries' day in court as South Carolina's six year Statute of Limitations [2] will apply.

Plaintiff seeks permission to qualify as administrator and proceed under the "relation back" theory or doctrine which sanctions a retroactive impact in order to defeat the application of a statute of limitation.

In a great majority of the cases in this country when the doctrine of relation back has been considered, it has

been held that such an appointment made after the statute has run against a claim will relate back to validate actions taken on the claim within the statutory period by the person subsequently appointed administrator thus barring reliance upon the defense of limitations by the party against whom the claim is asserted on behalf of the estate. Such result has been reached in wrongful death actions. See 3 A.L.R.3d, 1234. The cited reasons for this is the desire of the courts not to have valid claims avoided by legal technicalities provided the Administrator acted in good faith and had reasonable grounds for believing he had been duly appointed. There are numerous North Carolina decisions upholding this theory. See Graves v. Welborn, 260 N.C. 688, 133 S.E.2d 761 (1963), discussed in 3 A.L.R.3d 1225. See also Bennett v. N. Caro. Ry. Co., 159 N.C. 345, 74 S.E. 883 (1912).

South Carolina, however, by a majority opinion in Glenn, Admx. v. E. I. DuPont De Nemours & Co., S.C., 174 S.E.2d 155, has not followed the majority rule. A reading of the opinion discloses:

It appears from the record that Dorothy R. Glenn, the widow of Carl Glenn, was on July 24, 1961, appointed by the Probate Court of Greenville County as the administratrix of the estate of the deceased. It further appears that on January 8, 1962, Dorothy R. Glenn, administratrix as aforesaid, filed her final return and accounting with the Probate Court for Greenville County and asked for her discharge as such administratrix. After due advertisement, the Probate Court for Greenville County, on February 19, 1962, forever discharged Dorothy R. Glenn as administratrix of the estate of Carl Glenn.

On January 5, 1967, this action was instituted to recover damages from E. I. DuPont De Nemours & Co., Inc., the appellant herein, for the wrongful

---

**2.** Section 10–143(6) S.C.Code 1962 Anno.: *Six years.*—Within six years: (6) An action under §§ 10–1951 to 10–1956 for death by wrongful act, the period to be-

gin to run upon the death of the person on account of whose death the action is brought.

death of her husband. In her complaint she alleged that "she is the duly appointed administratrix of the estate of her deceased husband, Carl Glenn." The appellant here demurred to the complaint on the ground of improper joinder of two causes of action. The lower court overruled the demurrer and an appeal to this court followed. The decision of the trial judge was affirmed in result. Glenn v. E. I. DuPont De Nemours & Co., 250 S.C. 323, 157 S.E.2d 630.

Following the decision of this court, the appellant, on November 20, 1967, moved to strike: (1) the complaint as sham and frivolous; (2) the caption of the complaint reading "Mrs. Dorothy R. Glenn, administratrix of the estate of Carl Glenn"; and (3) that part of the complaint reading "that she is the duly appointed administratrix of the estate of her deceased husband, Carl Glenn". The basis of the foregoing motion was that Mrs. Dorothy R. Glenn was not, in fact, the administratrix at the time of the commencement of this action and had not been such representative since her discharge as aforesaid. The appellant further based its motion on the ground that there was no legal entity in existence authorized or empowered to commence or maintain this action and that such action was a nullity.

\*     \*     \*     \*     \*     \*

It is clear from the record before us that the respondent, after being discharged by the Probate Court of Greenville County, had done nothing to become administratrix de bonis non at the time of the institution of this suit. There was no reason for her to believe that she had been appointed administratrix of the estate and could not have been acting under the erroneous but good faith belief that she was, in fact, the administratrix of said estate. There is no contention that the respondent mistakenly believed herself to be the administratrix or that she had applied for appointment or was in the process of being appointed such at the time she instituted this action. The allegation contained in the complaint that the respondent was the duly appointed administratrix of the estate of her deceased husband, was false and untrue, and it follows that there was no one qualified to bring suit under the wrongful death statute.

It is our conclusion that the action instituted by the respondent was a nullity, and it could not be vitalized by substituting an administratrix de bonis non after the action was brought under the "relation back doctrine".

■   Such is the law of this case under the rule of *stare decisis* and as directed in Erie R. Co. v. Tompkins (1938) 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.[3]

The motions to dismiss the defendants are granted. The complaint is dismissed and all liability of defendants thereunder is terminated.

And it is so ordered.

---

3.   Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. There is no Federal common law.