## COOK v. COOK.

1.  An agreement to credit a note with the value of work done, is not payment but contract, and can be enforced only under complaint or counter-claim.
2.  The grant of administration has relation back to the death of the intestate, and legalizes all acts, otherwise valid, done by the administrator before his appointment.
3.  An agreement by an administrator to credit a note, held by her as such, with the value of work done upon lands belonging to the estate of the intestate, is not binding upon the estate, and cannot be interposed as a defence to an action by the administrator on the note.

Before HUDSON, J., Aiken, October, 1884.

This action was commenced February 27, 1884. The opinion states the case.

*Mr. G. W. Croft,* for appellant.

*Messrs. Henderson Bros.,* contra.

February 18, 1886.  The opinion of the court was delivered by

Mr. Justice McGowan.   This was an action brought by the plaintiff, as administratrix of her deceased husband, Solomon Cook, on a note, as follows:  "One day after date I promise to pay C. A. Cook, or bearer, five hundred dollars, for value received.  Witness my hand and seal this 4th day of January, 1882.  (Signed)  J. W. Cook, [L. S.]"   It appeared that in September, 1863, the defendant gave a note (growing out of some land transaction) to his brother, Solomon Cook, for $500, payable "at the expiration of the present war."   Solomon Cook died intestate in 1865, and his widow, Clara A., managed the affairs of the estate, without legal authority, down to 1884, when she took out letters of administration.  After the war, and before she received letters, there were several payments and renewals of the note, the last being January 4, 1882, when the note sued on was given to Clara A. Cook, individually.   After receiving letters, she brought this action on the note as administratrix.  The defendant refused payment, claimed set off, &c.

Different questions were made, as to whether the action would lie by the plaintiff as administratrix, and whether the original note was given with reference to Confederate money, or had been paid, &c.   But the only question which comes to this court is in regard to alleged error on the part of the judge in excluding certain testimony.  Evidence was offered to prove that the said Clara A. Cook, after the note sued on was given, and before she became administratrix, agreed with the defendant, J. W. Cook, that if he would erect or repair certain mills on a tract of land owned by the estate of Solomon Cook and his two brothers, John M. and the defendant, J. W. Cook, she would credit on the note the *pro rata* of the expenses due by the estate of Solomon Cook; and that, relying upon such agreement, the defendant performed the work.   The judge excluded the testimony, holding that, in this suit, the estate could not be held bound for its *pro rata* of expenses incurred in building on the property held in common by a

co-tenant, and that an administrator could not make a contract to charge the estate with a new debt.

The plaintiff had a verdict for $594.64, and the defendant appeals to this court upon the following exceptions: "I. That his honor erred in excluding the testimony of defendant, showing that he repaired two mills at the request of the plaintiff after the date of the note of January, 1882, upon the express agreement that he should be credited with the value of such repairs upon said note. II. That his honor charged the jury that they could not credit the note given to the plaintiff by the defendant in January, 1882, with the value of the work done by the defendant in repairing two mills at the request of the plaintiff, although the work may have been done on the express agreement that the defendant should be credited with the value thereof on said note. His honor also charged the jury, that said work on the mills was improvement of real estate by one tenant in common, and that the plaintiff could not legally allow credit for the same on the note. The defendant submits that his honor erred in so charging, for that the plaintiff is now estopped from denying her contract to credit the note with the work. That the only issue raised by the evidence was one of payment and not one of tenant in common receiving compensation for improvements."

As we understand it, the judge did direct credit to be given for all money actually paid to Mrs. Cook before she became administratrix; but as to the alleged agreement to credit on the note the value of the work to be done on the mills, that was not actual payment, but matter of contract, which could only be enforced, if it was a legal and binding contract, upon proper allegations and proof on complaint or statement of counter-claim. There was a counter claim put in as to other matters, payment of notes, &c., but none as to the alleged contract to credit the note with the value of work done on the mills.

We do not think that the plaintiff can escape compliance with her contract to credit the value of the work on the note, upon the ground that the contract was made by her individually before she became administratrix. Her subsequent administration had relation back to the death of the intestate, and legalized all her intermediate acts—that is, made them her acts as administratrix.

*May* v. *May*, 2 *Hill Ch.*, 22; *Witt* v. *Elmore*, 2 Bail., 597. It was only by the force of this principle that her action as administratrix, on a note payable to herself, could be sustained; and it must apply against her as well as for her. The matter must be considered precisely as if she had been the administratrix when she made the alleged agreement as to a credit on the note.

But, conceding this, the difficulty still remains. It is certainly the general rule, that an administrator has no right to diminish the assets of the estate or to contract in reference to the lands which, upon the death, descended to the heirs at law, even where there is no complication as to the rights of tenants in common to charge for improvements. In the view that the testimony excluded would have proved the allegations made, it may be that the plaintiff failed to keep faith with the defendant, but she insists upon her legal rights, and we are bound to judge of them according to the rules of law. He must seek his redress in some other way. The alleged contract of Mrs. Cook was either purely personal or without consideration, and did not bind the estate. See *McBeth* v. *Smith*, 2 *Tread. Con. R.*, 676; *S. C.* 3 *Brev.*, 511; *Nehbe* v. *Price*, 2 *Nott & McC.*, 328; *Harral* v. *Witherspoon*, 3 *McCord*, 486; *Perry* v. *Brown*, 1 *Bail.*, 45; *Ross* v. *Sutton*, *Ibid.*, 127; 11 *Rich.*, 410.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.