## 12457

### COMMERCIAL & SAVINGS BANK OF LAKE CITY v. WARD

#### (143 S. E., 546)

1. COURTS—DISMISSAL AND NONSUIT—MOTION FOR NONSUIT MAY NOT BE GRANTED IN EQUITY, BUT MAY BE ENTERTAINED AT ANY STAGE, IF CONSTITUTING OBJECTION TO JURISDICTION.—Motion for nonsuit may not properly be granted in action in equity, but, where constituting objection to jurisdiction, may be entertained at any stage of the case.

2. APPEAL AND ERROR—OBJECTION TO JURISDICTION MAY BE CONSIDERED AT ANY TIME, EVEN BY REVIEWING COURT SUA SPONTE.—Objection to jurisdiction of Court may be considered at any stage of case, even by reviewing Court on its own motion.

3. BANKS AND BANKING—WHERE SUIT WAS COMMENCED IN NAME OF NONEXISTENT BANKING CORPORATION, COURT HAD NO JURISDICTION AND AMENDMENT TO SUBSTITUTE NEW PLAINTIFF WAS NULL.— Where suit was commenced in name of bank which was not in fact a legal corporate entity, Court was without jurisdiction and the whole action failed and amendment to complaint involving substitution of new plaintiff was null.

4. BANKS AND BANKING—COURT HELD WITHOUT AUTHORITY TO PERMIT AMENDMENT OF COMPLAINT IN SUIT IN NAME OF NONEXISTENT BANKING CORPORATION TO PERMIT SUBSTITUTION OF CORPORATION OF SAME NAME SUBSEQUENTLY ORGANIZED.—Where suit was commenced in name of banking corporation which was nonexistent, Court had no authority to permit amendment of complaint to substitute banking corporation of same name incorporated sub-

sequent to the commencement of the action, since second amend-
ment presented cause of action which did not exist when the cause
of action was commenced.

Before BONHAM, J., Florence, Spring Term, 1927.
Reversed.

Action by the Commercial & Savings Bank of Lake City
against A. M. Ward, in which the Commercial & Savings
Bank of Florence and the newly organized Commercial &
Savings Bank of Lake City were in turn substituted as parties
plaintiff.   Judgment for plaintiff, and defendant appeals.
Reversed, and complaint dismissed.

The report of the Referee was as follows:

The above-entitled action was referred to me by an order
of this Court dated the ——— day of September, 1925,
instructing me to take the testimony and to determine the
amount of principal, interest, and attorney's fees due the
plaintiff on the promissory note and real estate mortgage,
which is the subject of this action, and to determine all of
the issues of law and fact, with leave to report such other
and further matter as I might deem necessary to be brought
to the attention of the Court.

That I began the reference in this case on the 5th day
of November, 1925, and adjourning until a subsequent date
agreed upon by the parties and their attorneys, at which
time the said reference was completed.

I respectfully beg leave to submit to the Court the follow-
ing as my findings and recommendations in the said cause:

I find that on the 24th day of March, 1924, the plaintiff,
the Commercial & Savings Bank of Lake City, S. C., as
a corporation brought the said action for the purpose of
foreclosing a certain mortgage of real estate which had
been executed to the Commercial & Savings Bank of Lake
City, S. C., more than a year previous to that time, which
mortgage has matured and was past due; that in the com-
plaint in this action the plaintiff alleged that it was a cor-
poration duly organized and existing under and by virtue

of the laws of the State of South Carolina, with its principal place of business at Lake City, in the County and State aforesaid; this allegation was denied affirmatively by the defendant; the plaintiff then moved to amend its complaint by alleging that the Commercial & Savings Bank of Lake City, S. C., was not an individual corporation at the time of the commencement of the said action, but that the said Commercial & Savings Bank of Lake City, S. C., was a branch of the Commercial & Savings Bank of Florence, S. C. I allowed this amendment and permitted the plaintiff to proceed with the proof of its case, and, after the introdution of certain testimony by the plaintiff as to who at the present time is the legal owner and holder of the promissory note and real estate mortgage, it develped that the Commercial & Savings Bank of Lake City, S. C., was subsequently chartered by the Secretary of State and took an assignment from the Commerical & Savings Bank of Florence, S. C., to all of the assets belonging to the Commercial & Savings Bank of Florence, S. C., which were held by its branch at Lake City, S. C., and that the plaintiff moved at that time to amend its complaint to conform to the proof and asked an amendment to substitute as a party plaintiff, Commercial & Savings Bank of Lake City, S. C., then at the time of this hearing an individual corporation authorized and existing under a charter issued to it by the Secretary of State. I permitted the substitution of the party plaintiff and proceeded thereafter to finish the hearing of the case upon its merits, over a strenuous objection of the defendant's counsel.

I find that on the 12th day of February, 1924, A. M. Ward executed his promissory note and mortgage to a branch of the Commercial & Savings Bank of Florence, S. C., located at Lake City, in the sum of $2,000, and that the said promissory note and mortgage were payable on the 12th day of February, 1925, and the foreclosure proceedings were begun on the 24th day of March, 1925, some consider-

able time after the said promissory note and mortgage had matured; and I find that the Commercial & Savings Bank of Lake City, S. C., now an individual corporation, is the legal owner and holder of the said promissory note and real estate mortgage and that all sums due thereon or thereunder are due to the Commercial & Savings Bank of Lake City, S. C., as of the date of this report.

I find that there is now remaining due and unpaid by the defendant to the plaintiff on the real estate mortgage and promissory note the sum of $2,000, principal, $309.08 interest, and that $200 would be a reasonable fee for the plaintiff to collect for the service of its attorney herein, and that the cost and expenses of this action should be borne by the defendant.

I recommend that the premises described in the complaint in this action be sold by an order of this Court and that the proceeds derived from the said sale be applied to the satisfaction of the mortgage debt, principal, interest, attorney's fees, and costs, all of which are securred by and under the said mortgage.

I make no finding as to the question raised by the affirmative defense pleaded on the part of the defendant in this case, since there has been no effort on the part of the defendant to prove any of the allegations contained in the second defense in the said answer.

The defendant also pleaded tender of the amount of principal and interest, but not of the attorney's fees due on the said mortgage as of the 18th of April, 1925, which is more than a month after the commencement of the said action; and I find and hold that the offer to pay the principal and interest after the foreclosure proceedings in this case had begun without making a tender of the amount due with attorney's fees, which was secured thereby, what is called a tender by defendant, was really incompetent and was not sufficient in itself to affect any of the rights of the plaintiff

even now or at the time the said alleged tender was made; in other words, I hold that the tender was insufficient and is not available as a defense in any manner whatsoever in connection with the trial of this case.

My finding relative to the question of tender raised in this case is based upon the holdings of the Supreme Court of South Carolina, reported in the case of *Easton v. Woodbury at al.,* 71 S. C., 250; 50 S. E., at page 790:

"Where a mortgage contained a clause providing for attorney's fees, if it was placed in the hands of an attorney for collection or suit, a tender of the mortgage debt after due must include the attorney's fees, where the mortgage was in the hands of an attorney for collection, though he had done nothing toward collecting it."

· *Mr. A. L. King,* for appellant, cites: *Suit cannot be instituted in the name of a plaintiff when such alleged plaintiff does not exist:* 30 Cyc., 27; Secs. 383, 384, 398, 399, Code Proc. *Cases distinguished:* 96 S. C., 18. *Endorsement necessary to negotiation of instrument:* Secs. 3652, 3681, 3682, Code.

*Messrs. Willcox & Hardee,* for respondent, cite: *Liberal provisions made for curing of defects in pleadings:* Secs. 432, 436, Code Proc.; 96 S. C., 21; 80 S. C., 468; 101 S. C., 364; 67 S. C., 229. *Endorsement not necessary to negotiation:* Sec. 3700, Code; 3 R. C. L., 890. *No finding is required on an averment as to which there is no proof:* 107 Pac., 115; 27 L. R. A. (N. S.), 772; 108 Pac., 268; 130 Pac., 714; 88 Pac., 369; 113 Pac., 342; 102 Pac., 981; 133 A. S. R., 582; 123 Pac., 252; 126 Pac., 187; 26 R. C. L., 1092; 102 S. C., 177.

June 2, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action is for the foreclosure of a mortgage executed by the defendant to the *Commercial & Savings Bank of Lake*

*City, S. C.,* securing a note of $2,000, dated February 12, 1924, due February 12, 1925, with interest from date at 8 per cent. per annum and 10 per cent. attorney's fees.

The complaint is in the usual form, alleging that the plaintiff, the Commercial & Savings Bank of Lake City, S. C. (hereinafter referred to as the Lake City Bank), "was and still is a banking corporation duly organized and existing under and by virtue of the laws of the State of South Carolina, with its principal place of business at Lake City in the County and State aforesaid."

The answer contains a specific denial of the foregoing allegation of the complaint, and certain other defenses which need not be at this time considered.

The case was referred to the Master of Florence County to hear and determine all issues. He reported in favor of the plaintiff, recommending foreclosure and sale, which report, upon exceptions by defendant, was confirmed by a formal decree in foreclosure, signed by his Honor, Judge Bonham. From this decree, the defendant has appealed.

From the view which we take of the matter, it is only necessary to consider a single point which we shall endeavor to develop. At the reference before the Master the plaintiff's counsel admitted that the Lake City Bank was not at the time of the service of the original summons and complaint a corporation as alleged in the complaint, whereupon the defendant *moved for a nonsuit,* which motion was refused. The plaintiff's counsel then moved for an amendment *of the complaint* in the following language:

"That at the time of the institution of the suit it was not an individual corporation, but was a branch of the Commercial & Savings Bank of Florence, S. C., a South Carolina corporation, but functioning as an independent institution."

The motion was granted, over the objection of the defendant's counsel. The transcript contains this statement:

"The hearing being continued with the substituted Commercial & Savings Bank *of Florence* as party plaintiff."

The testimony then developed the fact that since the commencement of the present action, there had been organized and chartered a banking corporation under the name of the Commercial & Savings Bank *of Lake City, S. C.,* which under an agreement entered into on August 3, 1925 (subsequently to the commencement of the present action), with the Commercial & Savings Bank *of Florence, S. C.,* had become assignee of the entire assets of the branch bank which had been conducted by the Commercial & Savings Bank *of Florence,* under the name of the Commercial & Savings Bank of Lake City.

The plaintiff's counsel then moved for a second amendment of the complaint substituting the lately incorporated Commercial & Savings Bank *of Lake City* in the place, as plaintiff, of the Commercial & Savings Bank *of Florence,* which, by previous amendment, as stated, had been substituted for the original plaintiff, the Lake City Bank. The motion was granted over the objection of defendant's counsel.

The appeal involves alleged errors in refusing the 1, 2 defendant's motion for a nonsuit, and in allowing the amendments to the complaint referred to above. The defendant's motion for a nonsuit could not properly have been granted, for the reason that the action was one *in equity,* and in such cases such a motion cannot be entertained. *Southern Railway v. Beaudrot,* 63 S. C., 266; 41 S. E., 299. However, the objection is really to the jurisdiction of the Court, which may be entertained at any stage of the case, even *sua sponte* by this Court.

It is clear that the action was instituted under the misapprehension that the Lake City Bank was a corporation and the owner of the note and mortgage. It manifestly was not apprehended that the Lake City Bank was but a branch of the Florence Bank. If the case had been one simply of misnomer, naming the Florence Bank which was really the owner, as the Lake City Bank, intending that the action

should be for the benefit of the Florence Bank, the error might have been corrected by amendment, but that does not appear to have been the case.

The general rule is thus stated in 30 Cyc., 27:

"But if there is a lack of legal entity, the whole action fails.  *  *  *  If an action is brought in the name of that which under the *lex fori* has no legal entity, it is as if there was no plaintiff in the record and therefore no action before the Court"; which presents an instance of want of jurisdiction. *Western & A. R. Co. v. Dalton Co.,* 122 Ga., 774; 50 S. E., 978. *Proprietors of Mexican Mill v. Yellow Jacket Silver Min. Co.,* 4 Nev., 40; 97 Am. Dec., 510.

The distinction is defined in Cyc., as follows:

"Although an action brought in the name of that which has no legal entity is a nullity, an action *in which a legally existing plaintiff has been misnamed* is still a true action, to which the Court can give full effect, subject only to defendant's right to object at the threshhold for misnomer." 30 Cyc., 28.

The first amendment should have been refused for these reasons: The action being a nullity, there was nothing to amend by. "In strictness of principle, if there be no legal entity, there is no foundation upon which to base an amendment." 30 Cyc., 27. The summons not having been amended, the amendment to the complaint was null.

The second amendment should have been refused for the reason that it presented a cause of action which did not exist when the action was commenced. If permissible at all, it could only have been effected by an order allowing a supplemental complaint, if then.

"Plaintiff can recover only upon the cause of action existing when suit was commenced; and therefore in an action for the recovery of real property, he cannot, by supplemental complaint, set up a legal title acquired after suit brought." *Moon v. Johnson,* 14 S. C., 434.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the complaint dismissed.

MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER (dissenting) : Being unable to agree to the conclusion reached in the leading opinion of the Court in this case, I respectfully dissent therefrom. The facts involved in the case are stated in the report of the Referee, which report was confirmed by the Circuit Judge, and, for the reasons appearing therein, I think the judgment of the Circuit Court should be affirmed.

MR. CHIEF JUSTICE WATTS concurs.