SCHILLING, Appellant, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD COMPANY and others, Respondents.

*February 18—March 14, 1944.*

For the appellant there was a brief by *Weisman & Weisman* of Racine, and oral argument by *J. M. Weisman.*

For the respondents there was a brief by *Simmons, Walker, Wratten & Sporer,* and oral argument by *Warren M. Dana* and *Harold J. Sporer,* all of Racine.

BARLOW, J.   First we will discuss the order sustaining the defendants' demurrer to the amended complaint of Ragna Marie Schilling.   In order to maintain this cause of action in her own name plaintiff must come within the provisions of sec. 331.04 (1), Stats., which so far as applicable here provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, . . . provided, *that if there be no cause of action in favor of the estate of such decedent* and the person or persons to whom the whole amount sued for and recovered belongs, as above provided, shall be the husband, widow, or parent or parents, lineal descendant or ancestors, brothers or sisters of the deceased, suit may at his or her or their option be brought directly in his or her or their name or names instead of being

brought in the name of the personal representative of such deceased person."

In determining what action shall be brought by the personal representative of a deceased person under the above section, we are necessarily referred to sec. 331.03, Stats., which is commonly known as the "death-by-wrongful-act statute." This section provides that—

"Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof. . . ."

In order for the plaintiff to maintain this action she must bring herself within the statute and allege facts to negative any cause of action in favor of the estate. This court has already held that an action for pain and suffering during the period intervening between the accident and death is an action in favor of the estate, *Neuser v. Thelen* (1932), 209 Wis. 262, 244 N. W. 801, and that no mention of funeral expenses when charged against the estate of the deceased precluded the bringing of an action by anyone but the personal representative. *Palmisano v. Century Indemnity Co.* (1937) 225 Wis. 582, 275 N. W. 525. In the present action plaintiff alleges that the deceased was the owner of the automobile which he was driving and that the automobile was crushed and broken. Plaintiff makes no claim for damage to the automobile in her amended complaint, as she had no title or interest in it which would justify a claim on her part. The only possible claim for damages rests with the estate. If the deceased had continued to live he would have had one cause of action against the defendants, the elements of which would have been personal injuries and damage to his property. It was so held in *Booth v. Frankenstein* (1932), 209 Wis. 362, 245 N. W. 191. In *Hegel v. George* (1935), 218 Wis. 327, 259 N. W.

862, 261 N. W. 14, this court said that the cause of action for death is separate and distinct, arising upon death of the victim, runs to persons other than the injured party, and cannot be connected with some other cause of action as an additional item of damage. This does not mean that separate causes of action can be brought, one by the estate and the other by the person or persons entitled to the damages by the death by wrongful act, as the statute provides that an action can be brought by the person or persons designated for death by wrongful acts only where there be no cause of action in favor of the estate of such decedent.

The trend of legislation and court procedure has been to have all rights and every cause of action arising out of negligent acts or defaults determined in a single action, and to now hold that separate causes of action arise under the wording of the statute would be inconsistent with this trend. Certainly the plaintiff cannot waive the cause of action for damage to the automobile, which is in the administrator of the estate, and it is therefore considered that she has not affirmatively set forth facts in the amended complaint which will permit her to maintain the action. The demurrer was properly sustained.

The next question is whether a personal representative, after the running of the statute of limitations, may be substituted as party plaintiff in an action commenced by one who has no cause of action and thereby escape the bar of the statute.

In *Terbush v. Boyle* (1935), 217 Wis. 636, 259 N. W. 859, the court said that the action for wrongful death accrues at the time of death and is barred if not commenced within two years from that time, and in *London G. & A. Co. v. Wisconsin P. S. Corp.* (1938) 228 Wis. 441, 279 N. W. 76, this rule was affirmed, the court further stating that as the right to damages for such death is purely statutory, inability to bring an action for the recovery thereof within the two-year period does not render inapplicable the unconditional bar

by reason of sec. 330.21 (3), Stats. The exigency provided in sec. 330.50, does not apply to extend the time. *Terbush v. Boyle, supra.* Again in *George v. Chicago, M. & St. P. R. Co.* (1881) 51 Wis. 603, 8 N. W. 374, it was held that the action is purely statutory and can only be maintained on the terms and conditions and under the circumstances specified in the statute.

No one had a right to bring this action except the representative of the deceased and no such action was brought within the two-year period. Ragna Marie Schilling had no right to bring the action as an individual, and if she had no right to bring an action it cannot be said that an action was commenced within the period required. The mere fact that under certain conditions she could bring an action for the death of her husband does not mean that an action has been commenced to which the representative can be substituted where no lawful action is pending. At the time the motion was made to substitute the special administratrix for the individual, the individual had no more right of action than a stranger had, which was none. Certainly it cannot be said that the representative of the estate could start a new action on February 20, 1943, when the death occurred on October 25, 1940, and to allow her to be substituted as representative of the estate in this action is equivalent to permitting her, as such representative, to commence an original action at that time. While we realize that some courts have permitted such substitution, it has been largely on the theory that it is the same cause of action continued in the name of the proper party. In this instance it is not the same cause of action. The amended complaint seeks to recover damages for the loss of the automobile which the original plaintiff could not recover and in whose name the action could not be commenced, and no claim was made therefor in her complaint. While it is said in *Neuser v. Thelen, supra,* where the action was dismissed for the reason that the plaintiff could not properly bring the

action, that the action could be brought by the representative of the deceased, it does not say that the action could be successfully maintained after the period within which it must be brought has expired. We do not hold that an amended complaint cannot be filed and a substitution made if it is within the two-year period, but it is considered that such substitution cannot revert to the date of the commencement of the original action and thus revive a cause which has been extinguished by law.

*By the Court.*—Judgment and order affirmed.