16999

EULA MAE BAILES, Appellant, v. SOUTHERN RAILWAY
COMPANY *ET AL.*, Respondents

(87 S. E. (2d) 481)

*Charles B. Ridley, Esq.*, of Rock Hill, *for Appellant,*

*W. G. Finley, Esq.,* of York, *for Respondent, The South-*
*ern Railway Company*

May 11, 1955.

LEGGE, Justice.

Appellant, as a beneficiary of a cause of action under Lord
Campbell's Act, Code 1942, Sections 411-412, Code 1952,
Title 10, Chapter 23, Article 1, for the alleged wrongful
death of her brother, Forrest Leonard Moss, brought this
action on April 30, 1952, against Southern Railway Com-
pany, a corporation, joining as defendant George Cody, who
had been appointed by the probate court of York County as
administrator of her said brother's estate. She appeals from
an order sustaining the corporate defendant's demurrer to
the complaint.

The allegations of the complaint are substantially as fol-
lows: That on or about September 12, 1948, as the result
of the negligence and recklessness of the corporate defend-
ant, plaintiff's said brother was struck and killed by one of
its trains; that plaintiff, in order to bring this action for his
wrongful death, petitioned the probate court of York County
for her appointment as administratrix of his estate, "and
was apparently in the active discharge of her duties when,
according to plaintiff's information and belief, George Cody,
the above named defendant, as owner of York Funeral
Home, by a supplemental petition in the aforesaid court was
appointed administrator of the deceased as a creditor of said
estate"; that thereafter the defendant Cody, scheming with

the corporate defendant to defraud the plaintiff and the other beneficiaries of the cause of action for the wrongful death of her brother, petitioned the said probate court for authority to settle and compromise the said cause of action for four hundred fifty ($450.00) dollars, and did receive said sum from the corporate defendant, all without the knowledge or consent of the said beneficiaries; that the defendant Cody, · as administrator, has refused to bring action for the said wrongful death, "thereby necessitating plaintiff to bring this action in her own name on behalf of herself and such other persons as may be beneficiaries under the aforesaid Sections 411-412 of the 1942 Code of Laws for the State of South Carolina"; and "that the aforesaid acts have culminated directly and proximately in causing plaintiff and deceased's beneficiaries and/or heirs-at-law, as set out hereinabove, to suffer injury and damage from the matters and things herein alleged in the sum of fifty thousand and no-100 ($50,000.00) dollars, actual and punitive damages."

Demurrer was on two grounds, referred to as apparent upon the face of the complaint to wit:

1. That plaintiff has not legal capacity to sue, because Cody, as administrator, alone can institute and maintain an action for the alleged wrongful death; and

2. That there is a defect of parties, it appearing that the defendant Cody as administrator is the proper person to bring an action for the alleged wrongful death, and that no action has been brought in the probate court of York County to attack the validity of his appointment or of the settlement made by him with his co-defendant under authority of said probate court.

The circuit judge sustained the demurrer on the first ground above stated. He did not pass upon the second, nor does respondent urge it as additional ground for sustaining the judgment of the lower court; and we shall, therefore, not comment upon it. The single issue before us is whether or not the plaintiff is legally capable of bringing the action;

and that issue must be resolved from consideration of the complaint alone.

In the agreed transcript of record are included a copy of the petition filed in the probate court of York County by George Cody, as administrator, entitled "Petition For Approval of Compromise Settlement Under Lord Campbell's Act," and a copy of the order of that court thereon dated November 30, 1949. We have not considered these documents in arriving at our decision of the issue before us; but we shall refer to them, lest by our silence it be thought that we approve of, or are indifferent to, the matters that they reveal.

The petition, which is dated November 18, 1949, after alleging the death of Forrest Leonard Moss, the application of his sister to be appointed administratrix, her failure to qualify as such, and the subsequent appointment of the petitioner, Cody, upon his petition "as the sole creditor of the estate," proceeded as follows:

"5. That your Petitioner, as Administrator of the said estate, has a cause of action or a claim for the said wrongful death of Forrest Leonard Moss, under Sections 411-412, Volume 1 of the 1942 Code of Laws of South Carolina, commonly known as the Lord Campbell Statute, for the benefit of the beneficiaries provided for in the said Statute, who, as your Petitioner is informed and believes, are a sister of the whole blood, Eula Mae Bailes, and Odell Moss and Joe Moss, as brothers of the whole blood; and that Joe Moss has since died intestate, having never been married.

"6. That your Petitioner's intestate, Forrest Leonard Moss, did not leave any estate of either real or personal property, and that there is outstanding a funeral bill to your Petitioner, trading and doing business as York Funeral Home, for the burial of your Petitioner's intestate.

"7. That an offer of compromise and settlement for the said cause of action under Lord Campbell's Statute against the Southern Railway Company, by payment to the Peti-

tioner of the sum of Four Hundred Twenty-five ($425.00) Dollars to be applied to the funeral bill owing to the York Funeral Home, and by the payment to the Petitioner of the necessary sum for the costs and expenses of the administration in the Probate Court, has been made, in consideration of a proper, full, complete and final release and discharge of the said Southern Railway Company, its successors and assigns, of and from all liability of any kind or nature whatsoever, under the said Lord Campbell's Statute, on account of the death of the said Forrest Leonard Moss, and your Petitioner believes and hence alleges that the said offer is a fair and reasonable one and is in proportion to the question of liability for the death of the said Forrest Leonard Moss, and the payment is to the best interest of the beneficiaries under the said Statutes, and for the said estate, and should be accepted and approved.

"8. That your Petitioner is informed and believes, and hence alleges, that under Section 8999 of Vol. IV of the 1942 Code of Laws for South Carolina, with the approval of the Judge of this Court and counsel representing him, he can compromise and settle all claims and causes of action surviving to him, under Sections 411-412 of the 1942 Code of Laws of South Carolina as aforesaid; that his counsel has approved said compromise and settlement, and your Petitioner believes this proceeding for the purpose of securing the approval of the Judge of this Honorable Court is in accordance with said Statutes."

The "Order Approving Compromise Settlement" recites that the proceeding is under Section 8999 of the 1942 Code, for approval of the proposed settlement of the "cause of action or claim arising from the wrongful death of Forrest Leonard Moss under Sections 411-412, commonly known as the Lord Campbell's Statute," and concludes as follows:

"1. That the said offer to pay the sum of Four Hundred Twenty-five ($425.00) Dollars for the funeral bill to the York Funeral Home; and the administration costs, in full and final settlement of any and all liability whatsoever on

the part of the Southern Railway Company, is a fair and reasonable one, and the same be and is hereby, in all respects, approved.

"2. That upon payment of the said amount so directed to be paid, that the said Administrator as aforesaid, be and he is hereby authorized and directed to execute and deliver under his hand and seal a good and sufficient release, finally discharging and releasing the said Southern Railway Company from any and all liability."

· Section 8999 of the 1942 Code, Section 19-482 of the 1952 Code, which the foregoing petition and order invoke as authority for the "compromise and settlement," provides that administrators or executors may compromise and settle claims and actions for wrongful death "with the approval of the judge of probate and counsel, representing such administrators or executors." The petition, as set out in the record before us, although signed and verified by the petitioner, does not indicate signature by counsel representing him; nor is approval of the settlement by such counsel suggested except by the recital in paragraph 8 of the petition.

Although our statute, Code 1942, Section 412, Code 1952, Section 10-1952, provides that an action for wrongful death "shall be brought by or in the name of the executor or administrator," such cause of action is vested in him not as representative of the estate of the deceased person or for the benefit of the creditors of the estate, but as the representative of the statutory beneficiaries, for whom he is, by virtue of the statute. a trustee *Bennett v. Spartanburg Railway, etc., Co.,* 97 S. C. 27, 81 S. E. 189. His relation to such cause of action is wholly different from that with regard to a cause of action for pain suffered by the decedent between the time of injury and the time of death. As to the latter he represents the estate, and the proceeds of a recovery for such pain and suffering come into his hands as assets of the estate, liable for the payment of debts and other claims. The settlement now under discussion involved no claim for pain and suffering the petition alleging that decedent had been instantly

and painlessly killed; and it is apparent from the express language of the petition and of the order that both the petitioner and the court recognized that the cause of action proposed to be settled was one for wrongful death, and for the benefit of the statutory beneficiaries. Yet the petition prays, and the order directs, that the proceeds of the settlement be used to pay the petitioner's claim as a creditor of the estate. We are fully aware of the fact that judges of probate are not required to be trained in the law, and that for advice in legal, as distinguished from administrative, matters they must often rely upon counsel concerned therein. But such fact would afford no basis for condonation of the action of the court in issuing, or of counsel in procuring, an order which, reciting a statute as the basis for its issuance, proceeds in the same breath to violate the rights of the beneficiaries under that statute.

In fairness to counsel now of record for the administrator, we note that he did not represent him either in the procurement of his appointment as administrator or in the proceedings in the probate court for the settlement before mentioned.

Coming now to the question at issue, we note, as before stated, that it involves only the plaintiff's capacity, in the light of the allegations of the complaint, to bring the action. It is not contended by the demurrer that the complaint does not state facts sufficient to constitute a cause of action, or that several causes of action have been improperly joined; and we need not concern ourselves, except as hereinafter mentioned, with what cause or causes of action it purports to set out. If it be a cause of action other than for wrongful death, the plaintiff's capacity to sue is not questioned by the demurrer. If it be a cause of action for wrongful death, the only ground upon which plaintiff's capacity to sue is attacked is that the statute requires that "such action shall be brought by or in the name of the executor or administrator."

If a trustee refuse, after demand, to bring action in behalf of the trust estate or the beneficiaries thereof, or if he has an adverse interest or has conspired to

defeat the trust, the beneficiary may himself bring the action against the third person, joining the trustee as a defendant. In so doing, the beneficiary is not enforcing his own cause of action, but is acting as a temporary representative of the trust. Bogert, Trusts and Trustees, Section 870, page 461; 54 Am. Jur., Trusts, Section 591, page 457; *Brun v. Mann,* 8 Cir., 151 F. 145, 12 L. R. A., N. S., 154; *O'Beirne v. Allegheny & K. R. Co.,* 151 N. Y. 372, 45 N. E. 873. And compare *Fogg v. Middleton,* 2 Hill Eq. 591. The rule, which is frequently cited in other instances of trusteeship, is no less applicable where the trust relationship is that between an executor or administrator and the beneficiaries of a cause of action for wrongful death. Its applicability to such actions is discussed in the annotation following *Cudney v. United Power & Light Corp.,* 1935, 142 Kan. 613, 51 P. (2d) 28, in 101 A. L. R. 835, at pages 840 *et seq.,* with the comment that "in the few cases discovered where, upon the failure of an executor or administrator to perform his duty as the only proper party to bring or prosecute an action under the death statute, the beneficiary has started suit to recover damages for the death, the courts have upheld the right of the beneficiary to begin such action." The allegations of the complaint warrant its application here.

Reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.