19034

Mrs. Dorothy R. GLENN, Administratrix of the Estate of Carl Glenn, Respondent, v. E. I. DuPONT DE NEMOURS & CO., INC., Appellant

(174 S. E. (2d) 155)

Messrs. *C. T. Wyche* and *David L. Freeman* of *Wyche, Burgess, Freeman & Parham,* of Greenville, *for Appellant,* cite:

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent,*

April 1, 1970.

Moss, Chief Justice.

Carl Glenn, while an employee of Dunean Mill, died on July 2, 1961, as a result of an injury by accident arising out of his employment. After appeal to this court, full death benefits under the Workmen's Compensation Act were paid to the wife and dependent children. *Glenn v. Dunean Mills,* 242 S. C. 535, 131 S. E. (2d) 696.

It appears from the record that Dorothy R. Glenn, the widow of Carl Glenn, was on July 24, 1961, appointed by the Probate Court of Greenville County as the administratrix of the estate of the deceased. It further appears that on January 8, 1962, Dorothy R. Glenn, administratrix as aforesaid, filed her final return and accounting with the Probate Court for Greenville County and asked for her discharge as such administratrix. After due advertisement, the Probate Court for Greenville County, on February 19, 1962, forever discharged Dorothy R. Glenn as administratrix of the estate of Carl Glenn.

On January 5, 1967, this action was instituted to recover damages from E. I. DuPont De Nemours & Co., Inc., the appellant herein, for the wrongful death of her husband. In her complaint she alleged that "she is the duly appointed administratrix of the estate of her deceased husband, Carl Glenn." The appellant here demurred to the complaint on the ground of improper joinder of two causes of action. The lower court overruled the demurrer and an appeal to this court followed. The decision of the trial judge was affirmed in result. *Glenn v. E. I. DuPont De Nemours & Co.,* 250 S. C. 323, 157 S. E. (2d) 630.

Following the decision of this court, the appellant, on November 20, 1967, moved to strike: (1) the complaint as

sham and frivolous; (2) the caption of the complaint reading "Mrs. Dorothy R. Glenn, administratrix of the estate of Carl Glenn"; and (3) that part of the complaint reading "that she is the duly appointed administratrix of the estate of her deceased husband, Carl Glenn." The basis of the foregoing motion was that Mrs. Dorothy R. Glenn was not, in fact, the administratrix at the time of the commencement of this action and had not been such representative since her discharge as aforesaid. The appellant further based its motion on the ground that there was no legal entity in existence authorized or empowered to commence or maintain this action and that such action was a nullity.

The respondent filed a motion for an order permitting her reinstatement as administratrix of the estate of Carl Glenn, *nunc pro tunc,* so as to cure the claimed defect by the appellant. In this connection it appears that the respondent procured an order from the Judge of Probate for Greenville County purporting to vacate and set aside the discharge granted Dorothy R. Glenn on February 19, 1962.

It further appears that on November 22, 1967, Dorothy R. Glenn applied for her appointment as administratrix *de bonis non* of the estate of Carl Glenn. After due advertisement she was so appointed on December 14, 1967.

The several motions came on to be heard before The Honorable Wade S. Weatherford, Jr., Presiding Judge, and on March 14, 1968, he issued an order in which he held, *inter alia,* that the order of the probate court reinstating Dorothy R. Glenn as administratrix of the estate of Carl Glenn, *nunc pro tunc,* was ineffective. However, he held that the fact that she had been discharged as administratrix at the time this action was instituted was not fatal to the action and allowed an amendment to the complaint, on his own motion, so as to make her as administratrix *de bonis non,* the party plaintiff. The trial judge, in his order, made several other rulings which we do not think it necessary to state. This appeal is from the aforesaid order.

We can dispose of this appeal by deciding the question of whether the trial judge erred in holding that the appointment by the Probate Court, on December 14, 1967, of the respondent as administratrix *de bonis non* was retroactive to January 5, 1967, and that such administratrix be substituted for the nonexistent administratrix at the time the action was commenced.

This action to recover damages for the wrongful death of Carl Glenn was brought pursuant to Sections 10-1951 *et seq.*, and Sections 72-124 and 72-126 of the 1962 Code of Laws of South Carolina, for the benefit of Liberty Mutual Insurance Company, by reason of the payment in behalf of Dunean Mill of the maximum benefit paid under the Workmen's Compensation Act for the death of Carl Glenn as a result of an injury by accident arising out of and in the course of his employment, and for the statutory beneficiaries of the said decedent.

The right of action for wrongful death is purely statutory and did not exist at common law and may be brought only by the executor or administrator of such deceased person. *Lilly v. Railroad Co.*, 32 S. C. 142, 10 S. E. 932. The provision that a wrongful death action shall be brought only in the name of the administrator or executor of the estate of the deceased means the legally appointed administrator or executor of the estate of the deceased person. In this case, an appointment by the Probate Court was necessary to give the administratrix authority to act, and in the absence thereof, she had no legal capacity to institute this wrongful death action. At the time this action was instituted there was in exisence no adminisratrix and no personal representative of the estate of Carl Glenn.

A civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of possessing and asserting a right of action. A suit brought in a name which is not a legal entity is a nullity and the action fails. The rule

is well stated in 39 Am. Jur., Parties, Section 99, at page 969, as follows:

"It has been held that an action brought by one who was not an executor or administrator, or whose appointment as administrator was void, was a nullity where the cause of action could only be maintained by an executor or administrator, and that it could not be vitalized by substituting a representative having a valid appointment made after the action was brought, * * *."

In the cases of *Commercial & Savings Bank of Lake City v. Ward,* 146 S. C. 77, 143 S. E. 546, and *Blackwood v. Spartanburg Commandery No. 3,* 185 S. C. 56, 193 S. E. 195, the general rule is thus stated:

"But if there is a lack of legal entity, the whole action fails. * * * If an action is brought in the name of that which under the *lex fori* has no legal entity, it is as if there was no plaintiff in the record and therefore no action before the court; which presents an instance of want of jurisdiction."

A complaint brought in the name of a plaintiff which is not a legal entity is a nullity and there is no foundation upon which to base an amendment. In the *Commercial & Savings Bank* case, above cited, it was said:

"The action being a nullity there was nothing to amend by. 'In strictness of principle, if there be no legal entity, there is no foundation upon which to base an amendment.' "

If an action for wrongful death is instituted by one other than the personal representative of a decedent, duly appointed by the Probate Court, it should be dismissed. The court has no authority, over objection, to convert a pending action which cannot be maintained into a new and independent action by admitting a party who is solely interested as plaintiff. However, should the personal representative be permitted to become a party to an unauthorized action for wrongful death, the action is deemed to have been commenced only from the time he became a

party. *Graves v. Welborn,* 260 N. C. 688, 133 S. E. (2d) 761.

In the case of *Pearson v. Anthony,* 218 Iowa 697, 254 N. W. 10, it appears that the wife of the decedent, alleging that she was the duly appointed administratrix, instituted an action to recover damages for his wrongful death. The record shows that she expected to be appointed sometime in the future but had not, because of a lack of funds, secured her appointment. She was appointed, however, after the statute of limitations had barred the action. The court said that the question was whether the action of an individual *pretending* to act as administratrix was effective to commence the action and, thereby avoid the bar of the statute of limitations. It answered the question in the negative and dismissed the suit.

In 8 A. L. R. (2d), at page 57, with reference to the substitution of a proper party for a nonexistent party, it was said:

"It is well settled that where an action is brought in the name of a nonexisting plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations."

Many authorities support the foregoing statement: *Goldschmidt v. Pevely Dairy Co.,* 341 Mo. 982, 111 S. W. (2d) 1; *Schilling v. Chicago, Northshore & Milwaukee Railway Co.,* 245 Wis. 173, 13 N. W. (2d) 594; *Richard v. Slate,* 239 Or. 164, 396 P. (2d) 900; *Rosenzweig v. Heller,* 302 Pa. 279, 153 A. 346; *Reynolds v. Lloyd Cotton Mill,* 177 N. C. 412, 99 S. E. 240.

The trial judge, in the instant case, placed reliance in applying the "relation back doctrine" on the case of *Graves v. Welborn,* above cited. In that case the plaintiff, in good faith, believed herself to be the duly appointed administratrix of the decedent at the time she instituted the suit. Prior to

the filing of the complaint she had applied for appointment as administratrix, the clerk had entered an order adjudging that she was entitled to letters of administration upon taking the oath and giving the bond. She had taken the oath, signed the bond as principal, and left it with the clerk pending the signature of the surety. The signature of the surety was the only remaining requirement for the issuance of letters but such surety did not execute the bond prior to the institution of the action. After the institution of the action, the surety executed the bond. In this case, the North Carolina Supreme Court applied the "relation back doctrine" but stated:

"* * * However, we must not be understood as holding that one who has never applied for letters or who, having applied, had no reasonable grounds for believing that he had been duly appointed, can institute an action for wrongful death, or any other cause, upon a false allegation of appointment and thereafter validate that allegation by a subsequent appointment. We think that the Iowa Court correctly dealt with a pretender."

It is clear from the record before us that the respondent, after being discharged by the Probate Court of Greenville County, had done nothing to become administratrix *de bonis non* at the time of the institution of this suit. There was no reason for her to believe that she had been appointed administratrix of the estate and could not have been acting under the erroneous but good faith belief that she was, in fact, the administratrix of said estate. There is no contention that the respondent mistakenly believed herself to be the administratrix or that she had applied for appointment or was in the process of being appointed such at the time she instituted this action. The allegation contained in the complaint that the respondent was the duly appointed administratrix of the estate of her deceased husband, was false and untrue, and it follows that there was no one qualified to bring suit under the wrongful death statute.

It is our conclusion that the action instituted by the respondent was a nullity, and it could not be vitalized by substituting an administratrix *de bonis non* after the action was brought under the "relation back doctrine."

We conclude that the trial judge erred in holding that the appointment of Mrs. Dorothy R. Glenn as administratrix *de bonis non* on December 14, 1967, relates back to the filing of this action on January 5, 1967, and in allowing the complaint to be amended so as to make her a plaintiff therein. The motion of the appellant to dismiss the complaint in this action should have been granted and it was error not to do so.

In view of the conclusions that we have heretofore reached, we find it unnecessary to pass upon the other questions raised by the exceptions of the appellant.

For the reasons stated, the order of the court below is,

Reversed.

LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY and BRAILSFORD, JJ., dissent.

BUSSEY, Justice (dissenting):

Being of the view that the judgment below reached the correct result and should, therefore, be affirmed, I most respectfully dissent. The several motions in the cause did not reach, *eo nomine,* the real issue between the parties. That issue is, simply stated, whether, under the circumstances, the defendant by its procedure and motions may be allowed to force the plaintiff in this action into position where a new action will have to be commenced, to which the defendant may assert the defense of the six-year statute of limitations. The actual issue was recognized and decided by the circuit judge, and I think correctly so.

Unfortunately, the record does not disclose in detail why the plaintiff was unaware, at the time this action was commenced, that her discharge as administratrix had long since

been ordered by the Probate Court. There is, however, a total absence of anything to indicate any bad faith on her part or on the part of her counsel. In the absence of any evidence to the contrary, I feel that we are warranted in assuming that through either inadvertence, forgetfulness, or lack of understanding the plaintiff was, in good faith, simply unaware of the fact that she was not then the fully qualified administratrix of the estate. Should the plaintiff and the other beneficiaries of the action, including the minor children, be now foreclosed from the benefits because of the inadvertence of Mrs. Glenn and the failure of her counsel to more timely discover such inadvertence?

Defendant's brief contains what I regard as a tacit admission that counsel for the defendant knew from the beginning of the instant action that Mrs. Glenn had been discharged as administratrix. Her brief calls attention to this tacit admission and asserts with emphasis that, "The defendant knew from the outset that the plaintiff had been discharged as administratrix." Such assertion has not been challenged by reply brief or otherwise. I, therefore, take it as an admitted fact that defense counsel did have such knowledge.

The very essence of defendant's contention, on the present appeal, is that there being no qualified administratrix at the time of the commencement of the action, such was commenced by a nonexistent plaintiff and is, therefore, a nullity which cannot be amended. The circuit judge held, *inter alia,* that the defendant had waived the right to raise this issue and, if he was correct in the result of his decision, it is elementary that he should be affirmed, even though this court may not be completely in accord with the grounds or reasons upon which he reached the correct result. I am convinced that the circuit judge reached the correct result in this respect and that the defendant is estopped from now raising the issue.

Although the defendant knew that there was no qualified administratrix, it elected not to raise this issue, but to

demur on another ground, the asserted misjoinder of two causes of action, one of its purposes, at least inferentially, being to avoid raising the issue until after the statute of limitations had run. The demurrer, of course, presupposes an actual existent plaintiff, who would be bound by the decision of the lower court and, of course, by the judgment of this court on appeal. If, as now contended by the defendant, the action was a nullity, and there was in existence no plaintiff who could be bound by the judgment of the court, then it would follow that the defendant's counsel, in demurring to the complaint, was asking the lower court and this court on appeal to decide a totally academic question. I do not believe that the very able counsel for the defendant would so trespass upon the time of the lower court and this court. I am of the view, however, that they simply fail to realize the total inconsistency of their position on the former appeal with the position they now take.

"Generally speaking, a party will not be permitted to maintain inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by this action. This principle operates to preclude one who prevents a thing from being done from availing himself of the nonperformance which he has himself occasioned." 28 Am. Jur. (2d) 694, Estoppel and Waiver, Sec. 68.

"The rule that a party will not be allowed to maintain inconsistent positions is applied in respect to positions in judicial actions and proceedings. As thus applied, it may be regarded not strictly as a question of estoppel, but as a matter in the nature of a positive rule of procedure based on manifest justice and, to a greater or lesser degree, on considerations of orderliness, regularity, and expedition in litigation." 28 Am. Jur. (2d) 696, Sec. 69.

Decisions of this court are in accord with the foregoing principles. See cases collected in West's South Carolina

Digest Estoppel, Key No. 68. Had the defendant taken the position initially, which it now takes, that the action was commenced by a nonexistent plaintiff, could it be doubted for a moment that an action by a duly qualified administratrix would have been instituted within the period of the statute of limitations? From the circumstances, I conclude that the defendant has waived the right to inconsistently raise the issue which it now raises and is clearly estopped from doing so.

But, even if the defendant be not estopped, the amendment allowed by the circuit judge was proper and his decision in this respect is supported not only by South Carolina decisions, but by the decided weight of authority throughout the United States. The general rule, applied in *Commercial and Savings Bank of Lake City v. Ward,* 146 S. C. 77, 143 S. E. 546 (1928), and stated in *Blackwood v. Spartanburg Commandery No. 3, etc.,* 185 S. C. 56, 193 S. E. 195 (1937), that an action commenced by a nonexisting legal entity is a nullity, is not, I think, soundly applicable to the instant case. Here Mrs. Glenn is a very much alive, existing person, the widow of the deceased, entitled to letters of administration, and a statutory beneficiary of the cause of action. There is no question as to her existence, the only question being as to the capacity in which she instituted the action. The right of action is, of course, vested by statute in the personal representative, who is only a trustee for the beneficiaries, the beneficiaries, in a sense, being the real parties in interest. While the right of action is by statute vested in the personal representative, under some circumstances the wrongful death action may be brought by a beneficiary. See *Bailes v. Southern Ry. Co.,* 227 S. C. 176, 87 S. E. (2d) 481 (1955).

Lack of capacity on the part of an alleged administratrix is a matter which may be waived, and has no bearing on the court's jurisdiction of the cause of action. *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522 (1949). The defedant had no interest in the administration except to defeat the asserted claim in behalf of the beneficiaries. The

interest of the defendant and the interest of the administrator or administratrix are absolutely contradictory. The only interest of the defendant in a properly appointed and qualified administratrix is in whether or not the payment of a judgment to the plaintiff as administratrix, if one is obtained, would forever bar any other recovery in the same action. *Southern R. Co. v. Moore,* 158 S. C. 446, 155 S. E. 740 (1930).

The circuit judge, in holding that the appointment of Mrs. Glenn as administratrix *de bonis non* related back to the filing and institution of the wrongful death action in January 1967, relied upon the principle embodied in what has been termed the "doctrine of relating back". While not so specificially designated, such doctrine is in accord with all South Carolina decisions on the point, as well as the great weight of authority elsewhere.

"It is ancient doctrine that whenever letters of administration or testamentary are granted, they relate back to the intestate's or testator's death, and all previous acts of the representative that were beneficial in their nature to the estate, and that were in their nature things that he could have performed had he been duly qualified at the time, are validated." 31 Am. Jur. (2d) 94, Executors and Administrators, Sec. 162. See also 33 C. J. S., Executors and Administrators, § 151b, p. 1113.

South Carolina decisions in accord with the foregoing principles are: *Walker v. May,* (S. C.) 2 Hill Eq. 22 (1834); *Cook v. Cook,* 24 S. C. 204 (1885); *Martin v. Fowler,* 51 S. C. 164, 28 S. E. 312 (1897); *Witt v. Elmore,* (S. C.) 2 Bailey 595 (1832); *Haselden v. Whitesides,* (S. C.) 2 Strob. 353 (1848). In *Martin v. Fowler, supra,* the court, as one ground of decision, applied this doctrine to an action brought by two alleged administrators who had applied for letters but had not qualified as such. It is true that such was an action in equity and the court, by *obiter dictum,* cited some ancient authorities for the proposition that the same principle was said to be not applicable to an action at law.

No sound reasons occur to the writer for such a distinction in modern practice, and modern authorities elsewhere seem to recognize that there is no basis therefor.

In the recent North Carolina case of *Graves v. Welborn,* 260 N. C. 688, 133 S. E. (2d) 761 (1963), 3 A. L. R. (3d) 1225, the North Carolina court overruled an earlier decision and applied the relation back doctrine to relieve a similarly situated plaintiff from the bar of the statute of limitations. In the annotation following *Graves v. Welborn,* 133 S. E. (2d) 761, 3 A. L. R. (3d) 1237, we find the following language:

"In the great majority of cases that have considered the doctrine of relation back of the appointment of an administrator as it might affect the running of the statute of limitations, it has been held that such an appointment made after the statute has run against a claim will relate back to validate actions taken on the claim within the statutory period by the person subsequently appointed administrator, thus barring reliance upon the defense of limitations by the party against whom the claim is asserted on behalf of the estate. Such result has been reached in wrongful death actions as well as in other types of actions."

A review of the cases included in the annotation as well as many, many other decisions, show the foregoing quotation to be entirely correct. At least several jurisdictions, like North Carolina, have overruled earlier *contra* decisions. A full review of all of the cases and lengthy quotations therefrom would, I fear, unduly lengthen this dissent. Suffice it to say that the cases which follow what is clearly the majority rule are most soundly reasoned.

Apparently the leading case, which is anything like in point, taking the minority view is *Pearson v. Anthony,* 218 Iowa 697, 254 N. W. 10 (1934). While the rationale of that opinion is undoubtedly at variance with the holding of the circuit court here, even that case is distinguishable on the facts. There the purported administratrix took no steps

whatever to apply for, or to be appointed as administrarix, even though her lack of capacity was called to her attention, by defense pleadings, long prior to the expiration of the statutory period.

The majority opinion contains a quote from 8 A. L. R. (2d), at page 57, with reference to the substitution of a proper party for a nonexistent party. Cited in support of such quotation is *Pearson v. Anthony, supra;* a North Carolina case which has been overruled; a Georgia case and two cases from Arkansas which are not at all factually in point with the instant case. The Arkansas case of *McGraw v. Miller,* (1931), 184 Ark. 916, 44 S. W. (2d) 366, is much more nearly in point with the instant case and there the court reached a result in accord with the holding of the lower court in this case.

A reading of the entire annotation in 8 A. L. R. (2d), commencing at page 11, from which the above mentioned quote was taken, will disclose the following. That there is, generally speaking, a liberal attitude on the part of the vast majority of the courts in this country, particularly in the modern decisions, in allowing the substitution of a proper plaintiff for an improper one, after the running of the statute of limitations, where the following facts appear. The improper plaintiff or plaintiff lacking capacity has a beneficial interest in the cause of action; a mistake has been made as to the proper person or capacity for bringing the action, and the substitution of the proper party does not change the cause of action. See particularly Sections 38, 39, and 40 of the annotation.

In many cases the substitution is allowed under the doctrine of relation back, while in others the same result is reached on the simple basis that there has been no change whatever in the cause of action, of which the defendant had full notice within the statutory period, and, hence, no prejudice to the defendant. In brief, the vast majority of courts refuse to sacrifice substance to form and thereby allow de-

fendants to escape the consequences of a meritorious cause of action on mere technicalities.

Under either theory, the facts of the instant case entitle the plaintiff to the relief granted below. The amendment allowed made no change whatever in the cause of action, and there is clearly a complete absence of any prejudice to the defendant. I would, accordingly, affirm.

BRAILSFORD, J., concurs.