## 22583

**H & H GLASS COMPANY, INC., Appellant v.
Arthur V. WYNNE, Jr., Respondent.**

(346 S. E. (2d) 523)

Supreme Court

*William E. Bird,* of *Ferrene & Bird,* Hilton Head Island, *for appellant.*

*Curtis L. Coltrane,* of *Herring & Meyer,* Hilton Head Island, *for respondent.*

Submitted March 26, 1986.

Decided June 30, 1986.

FINNEY, Justice:

This is an action by the appellant (Glass Inc.) against the respondent (Wynne) for foreclosure of a mechanics lien as a result of the material supplied to and installed in the residence of Wynne. We reverse and remand.

Glass Inc. commenced this action on April 8, 1983, by filing with the clerk of court for Beaufort County a Notice of Mechanics Lien, Itemized Statement of Account, Notice of Pendency of Action, Summons and Complaint, Verification, and Request for Admissions. Wynne was served with these documents by personal service on May 25, 1983, and again by mail on May 26, 1983. The affidavit of personal service was the only affidavit of record filed with the clerk of court.

Wynne failed to file responsive pleadings within the required statutory period, and Glass Inc. obtained an order of default judgment on July 30, 1983. September 21, 1983, Wynne served a notice of motion and motion to be relieved of the default judgment and a motion for an extension of time to answer. The motions were heard, and the trial judge issued an order vacating the default judgment and granting Wynne additional time in which to answer. Glass Inc. appealed this order.

Wynne filed a motion to dismiss the appeal, alleging that there is no corporation registered as "H & H Glass, Inc." in South Carolina, and therefore, the appellant lacked capacity to sue. The Supreme Court remanded the matter to the trial court for additional findings. On May 23, 1984, the trial judge ruled that Glass Inc. lacked capacity to sue.

There are two questions before this Court: 1) Whether the lower court erred in determining the appellant H & H Glass Company, Inc., did not have legal capacity to sue; and 2) whether the lower court erred in opening the default judgment and granting Wynne additional time in which to answer.

## I. CAPACITY TO SUE

This Court has held that the lack of capacity to sue is not timely raised by demurrer or answer, it is waived. *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956); *Dalton v. Town Council of Mount Pleasant,* 241 S. C. 546, 129 S. E. (2d) 523 (1963); see also 19 C. J. S. *Corporations* § 1330. The mode of raising objection to capacity to sue is statutorily provided. *See* S. C. Code Ann. § 15-13-320 and § 15-13-350 (1976).

■ Wynne did not challenge by way of answer of demurrer Glass Inc.'s capacity to sue. In fact Wynne's answer, which was filed after he was granted an extension of time to answer, admitted the jurisdiction of Glass Inc., and therefore, implicitly, its capacity to sue. Wynne's appearance constitutes a waiver to contest jurisdiction. *McGrath v. Piedmont Mutual Insurance Co.,* 74 S. C. 69, 54 S. E. 218 (1906); *Jenkins v. Southern Railway,* 73 S. C. 289, 53 S. E. 480 (1906).

■ The evidence reveals a misnomer in the name of the corporation. The true legal corporate name of the appellant is "H & H Glass of Bluffton, Inc.," and the action was brought under its contract name H & H Glass, Inc. Generally, the misnomer of a corporation is not fatal where no proper and timely objection is made by a plea in abatement (demurrer). See e.g. *Tunstall v. Lerner Shops,* 160 S. C. 557, 159 S. E. 386 (1931); and also 19 C. J. S. *Corporations* § 1328. The respondent asserts that *Glenn v. E. I. DuPont DeNemours and Company,* 254 S. C. 128, 174 S. E. (2d) 155 (1970), is dispositive of this issue. The Court stated in *Glenn* that:

> "A civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of processing and asserting a cause of action. A suit brought in a name which is not a legal entity is a nullity, and the action fails."

In deciding *Glenn,* the Court cited *Commercial & Savings Banks v. Ward,* 146 S. C. 77, 143 S. E. 546 (1928), for the general rule as set out above. In *Commercial & Savings Bank,* this Court explained that "[a]lthough an action brought in the name of that which has no legal entity is a nullity, an action in which a legally existing plaintiff has

been misnamed is still a true action, to which the court can give full effect, subject only to defendant's right to object at the threshold for misnomer."

The failure of Glass Inc. to use the phrase "of Blufton" in its name in the complaint does not render the action a nullity. Wynne was not misled thereby to his prejudice. The omitted phrase referenced the situs of the corporation, and is not necessarily a material part of the corporate name. See e.g. *West Side Auction House Co. v. Connecticut Mutual Life Insurance Co.*, 186 Ill. 156, 57 N. E. 839 (1900); *Swift v. Crawford*, 34 Neb. 450, 51 N. W. 1034 (1892). The trial court erred in deciding that Glass Inc. did not have capacity to sue.

## II. VACATING A DEFAULT JUDGMENT

In order to relieve a party of a default judgment, the trial court must find that the judgment was taken through mistake, inadvertence, surprise or excusable neglect. See S. C. Code Ann. § 15-27-130 (1976). A motion to vacate a judgment by default is within the sound discretion of the trial judge and his ruling will not be disturbed on appeal, absent a clear showing that the lower court abused its discretion. *Em-Co Metal Products, Inc. v. The Great Atlantic and Pacific Tea Company, Inc.*, 280 S. C. 107, 311 S. E. (2d) 83 (Ct. App. 1984).

Wynne was personally served while visiting Hilton Head Island and a second time by mail at his place of residence, although only the affidavit of personal service was filed with the clerk of court. Wynne claims that the documents served upon him did not apprise him that an action had been commenced against him because of the unusual location of the summons and complaint. We are not persuaded.

The documents were in the customary order for a mechanics lien foreclosure action. Wynne obviously had notice or concern about the nature of the documents served on him because he immediately contacted his local attorney regarding the papers. This case is distinguishable from *Myers v. Food Town Stores, Inc.*, 276 S. C. 571, 281 S. E. (2d) 108 (1981), wherein the Court held that the unusual location of the summons (which was buried on the inside back cover of the complaint) failed to fulfill the

essential purpose of clearly placing respondent on notice of the time period in which to answer. Preoccupation with business matters is generally no defense for ignoring service of process. See *Irick v. Carr*, 243 S. C. 565, 135 S. E. (2d) 94 (1964).

In our view, Wynne had sufficient notice of the action against him and the record does not support the trial judge's finding that the judgment was taken through excusable neglect. The trial court abused its discretion in setting aside the default judgment.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.