1905

SECURITY FEDERAL SAVINGS, FSB, Successor in Interest to Security Federal Savings & Loan Association of South Carolina, Respondent v. James H. DEVLIN, Appellant.

(424 S.E. (2d) 557)

Court of Appeals

*J. Thomas Mikell,* Beaufort, *for appellant.*

*A.L. Blackstone, III* and *Samuel C. Waters,* both of *Sherrill & Rogers,* Columbia, *for respondent.*

Heard Nov. 5, 1992; Decided Nov. 30, 1992.

Reh. Den. Dec. 21, 1992.

GOOLSBY, Judge:

This appeal arises out of a foreclosure action. Security Federal Savings, FSB, Successor in Interest to Security Federal Savings & Loan Association of South Carolina, filed a posttrial motion to amend the master's report and order of foreclosure and judgment "so as to demand a deficiency judgment." Security Federal claimed it inadvertently failed to include in its complaint a demand for a deficiency judgment and, as a consequence, the master's order failed to grant it a deficiency judgment. The master vacated the judgment and allowed Se-

curity Federal to amend its complaint. The master held Security Federal "made a mistake through excusable neglect." The mortgagor, James H. Devlin, appeals.

We hold the master abused his discretion in vacating the judgment pursuant to Rule 60(b)(1), SCRCP. There is no evidence, supplied by affidavit, deposition testimony, in-court testimony, or otherwise, to support the finding that Security Federal "made a mistake through excusable neglect" in not demanding a deficiency judgment in its complaint. *Standard Federal Sav. and Loan Ass'n v. Mungo*, 306 S.C. 22, 410 S.E. (2d) 18 (Ct. App. 1991); *see H & H Glass Co. v. Wynne*, 289 S.C. 389, 346 S.E. (2d) 523 (1986) (trial court abused its discretion in setting aside a default judgment under former S.C. Code Ann. § 1-27-130 (1976) where the record did not support the trial court's finding that the judgment had been taken through excusable neglect). We note, moreover, the complaint does not simply fail to include a demand for a deficiency judgment; rather, paragraph 10 thereof recites "[t]hat [Security Federal's] right to a personal or deficiency judgment is expressly waived."

Reversed.

GARDNER, J., and LITTLEJOHN, Acting J., concur.