**OLYMPIC COAST INVESTMENT, INC., a Washington Corporation,** Plaintiff—Appellant,

v.

**Joseph H. SEIPEL, an individual, dba Market Research Group,** Defendant—Appellee.

No. 05–36170.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Nov. 29, 2006.

the district court to determine whether OCI may maintain a suit in its capacity either as a corporation or as an assignee of its investors' claims, if at all.

Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, Missoula, MT, for Plaintiff–Appellant.

Patrick F. Flaherty, Esq., Great Falls, MT, Scott Fisk, Esq., Crowley, Haughey, Hanson, Toole & Dietrich, Helena, MT, for Defendant–Appellee.

Before: GOODWIN, FISHER and SMITH, Circuit Judges.

## MEMORANDUM *

Appellant Olympic Coast Investment, Inc. (OCI) appeals the district court's grant of summary judgment to Appellee Joseph Seipel (Seipel). The district court held that under Federal Rule of Civil Procedure 17(b), OCI lacks capacity to maintain a lawsuit as a trustee of an express business trust. The district court granted summary judgment without considering whether OCI has capacity to sue as a corporation or as assignee of its investors' claims.

We review de novo the district court's grant of summary judgment for lack of capacity under Rule 17(b). *See Hillis Motors, Inc. v. Hawaii Auto. Dealers Ass'n,* 997 F.2d 581, 584 (9th Cir.1993). Although we affirm the district court's judgment that OCI lacks capacity to sue as a trustee of an express business trust, we remand to

## I.

We affirm the district court's conclusion that OCI lacks capacity under Rule 17(b) to sue as a trustee of an express business trust. It is fundamental that a suit brought in the name of that which is not a legal entity is a mere nullity. *See, e.g.,* Corpus Juris Secundum, Parties § 10 (2006); *Glenn v. E.I. DuPont De Nemours & Co.,* 254 S.C. 128, 174 S.E.2d 155, 157–58 (1970).

OCI cannot maintain a claim as a trustee on behalf of an express business trust because the purported business trust does not exist. The capacity of an unincorporated association, such as a trust, to sue or be sued is determined "by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b). Montana law dictates that "express trusts depend for their creation upon a clear and direct expression of intent by the trustor" established by evidence that is "practically free from doubt." *Eckart v. Hubbard,* 184 Mont. 320, 325, 602 P.2d 988 (Mont.1979). Neither of the documents that OCI asserts created an express business trust—the General Circular Offering and Participation Shares Agreement—contains any language evidencing such an intention. Moreover, prior to this litigation OCI never filed documents with the Washington Secretary of State to create a business trust, filed foreign business trust documents with the Montana Secretary of State or filed tax returns as a business trust. Accordingly, OCI has not demonstrated with evidence "practically free

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

from doubt" that it intended to create an express trust. The district court did not err in finding that OCI cannot maintain a suit in its capacity as trustee.

## II.

 In its first amended complaint, OCI also alleged that it "is and at all relevant times was a corporation organized and existing under the laws of the State of Washington." In addition, OCI alleged that its "assignors, who are citizens of the state of Washington, are beneficiaries of the trust and have assigned to [OCI] all of their rights, title, and interest in and to the claims described" in the complaint.

Federal Rule of Civil Procedure 8(e)(2) permits a party to "set forth two or more statements of a claim or defense alternately or hypothetically" or "state as many separate claims or defenses as the party has regardless of consistency." OCI maintained before the district court and on appeal that its complaint sufficiently put Seipel and the district court on notice that it was pleading in the alternative as a trustee of an express business trust, a corporation in its individual capacity and an assignee of claims.

Federal Rule of Civil Procedure 8 requires this court to construe OCI's pleadings liberally in the interests of justice. *See* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Without ruling on the merits of OCI's causes of action, we hold that OCI adequately pled alternate statuses because its complaint gave "enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir.1990). The district court erred in granting summary judgment to Seipel without considering OCI's ability to sue in its capacity

either as a corporation or assignee of claims. *See Ryan v. Foster & Marshall, Inc.*, 556 F.2d 460, 463 (9th Cir.1977) (holding that plaintiffs' assertion of inconsistent and alternative claims may not be construed as a waiver by plaintiffs of their rights to recovery under either claim).

**AFFIRMED in part, REVERSED in part and REMANDED** for further proceedings.

Each party to bear its own costs.

*This case was not selected for publication in the Federal Reporter*