MEMORANDUM **
Plaintiff Olympic Coast Investment, Inc., appeals the district court’s dismissal of its state law claims against Defendant Joseph H. Seipel, on the theory that Plaintiff is judicially estopped from presenting arguments inconsistent with its original primary argument. Reviewing for abuse of discretion, Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir.2001), we reverse and remand.
In its complaint and memoranda before the district court, Plaintiff advanced three theories concerning its ability to bring suit: (1) as an express business trust, (2) as a corporation in its individual capacity, and (3) as the assignee of claims. The district court rejected Plaintiffs first theory on the merits but declined to rule on the other theories. In an earlier appeal, we affirmed the district court’s rejection of the first theory on the merits. Olympic Coast Inv., Inc. v. Seipel, 208 Fed.Appx. 569, 570-71 (9th Cir.2006) (unpublished decision). But we also held that “[t]he district court erred in granting summary judgment to [Defendant] without considering [Plaintiffs] ability to sue in its capacity either as a corporation or assignee of claims.” Id. at 571. On remand, the district court held that, because the two alternative theories are inconsistent with the express business trust theory, Plaintiff was judicially estopped from advancing its alternative theories.
The doctrine of judicial estoppel plays no role here. The district court held that all three factors discussed in New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), support the application of judicial estoppel. In fact, none does.
First, Plaintiffs post-remand position is not “clearly inconsistent” with its pre-remand position, id. at 750, 121 S.Ct. 1808, because its positions are identical. Both before remand and after remand, it argued that it was suing as a corporation in its individual capacity and as an assignee of claims. It does not matter that, before remand, it also advanced the alternative inconsistent theory that it was an express business trust. See Sea Hawk Seafoods, Inc. v. Exxon Corp. (In re Exxon Valdez), 484 F.3d 1098, 1102 (9th Cir.2007).
Second, Plaintiff was not successful in its earlier position, because, although the district court concluded Plaintiff was a business trust, its claim still failed on the merits. On appeal, we affirmed, holding Plaintiff was not a business trust in the first instance. See New Hampshire, 532 U.S. at 750-51, 121 S.Ct. 1808 (“Absent success in a prior proceeding, a party’s later inconsistent position introduces no risk of inconsistent court determinations and thus poses little threat to judicial integrity.” (citation and internal quotation marks omitted)).
Finally, allowing Plaintiffs arguments would neither present an unfair advantage to Plaintiff nor impose an unfair detriment on Defendant. See id. at 751, 121 S.Ct. 1808. Defendant has simply been asked to respond to the alternative theories.
In conclusion, the district court abused its discretion by applying the doctrine of judicial estoppel here. “[W]e remand [again] to the district court to determine whether OCI may maintain a suit in its capacity either as a corporation or as an *704 assignee of its investors’ claims, if at all.” Olympic Coast, 208 Fed.Appx. at 570.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.